564 A.2d 996

**JOSEPH PALERMO DEVELOPMENT CORP., Appellant,**

**v.**

**Thomas BOWERS, Appellee.**

Superior Court of Pennsylvania.

Argued June 6, 1989.

Filed Oct. 11, 1989.

50 

Dennis V. Williams, Erie, for appellant.

John P. Eppinger, Erie, for appellee.

Before CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

This is an appeal from an order granting Appellee, Thomas Bowers' petition to open confessed judgment. Judgment by confession had been entered against Mr. Bowers, in November, 1987. Within thirty (30) days of this judgment, the petition to open was filed. The trial court found that Mr. Bowers had acted promptly and that there existed legitimate factual disputes which required opening the judgment for determination of the issues by a jury.

On appeal, Appellant, Joseph Palermo Development Corp. [Palermo], claims that the trial court erred in finding that Mr. Bowers produced evidence in support of a meritorious defense which raised issues of fact susceptible to jury determination. Pa.R.C.P. No. 2959(e). However, we need not decide this issue because we find that no appeal as of right may be taken from the trial court's order opening the confessed judgment. Pa.R.A.P., Rule 311(a)(1), 42 Pa.C.S.A. Rather, we hold that this appeal should be quashed because it is interlocutory and premature.

Although neither party has raised the issue of the propriety of this appeal, it is well settled that this court may *sua sponte* raise a question as to its own jurisdiction. *Brady Contracting Co., Inc. v. West Manchester Township*, 338 Pa.Super. 144, 487 A.2d 894 (1985); *Karpe v. Borough of Stroudsburg*, 290 Pa.Super. 559, 434 A.2d 1292 (1981). Although prior to the recent amendments to Rule 311(a)(1) an interlocutory appeal as of right was available to a litigant if the trial court had ordered a judgment opened,

this is no longer the case. Under the new Rule, which became effective July 1, 1989, only an order *refusing* to open, vacate or strike off a judgment is immediately appealable.

This amended Rule 311 is consistent with the general principle embodied in Pa.R.A.P., Rule 341, 42 Pa.C.S.A., that an appeal may be taken as of right from any final order which ends litigation, or disposes of an entire case, or effectively puts certain parties out of court, or is an issue which if review were postponed would result in the irreparable loss of the claim. *See, Hankin v. Hankin,* 338 Pa.Super. 442, 487 A.2d 1363; *Foukle v. Lavelle,* 454 A.2d 56, 308 Pa.Super. 131 (1982)

An order opening judgment, as in the instant case, does not end the litigation, nor preclude participation by certain parties in the litigation, nor result in the irreparable loss of the claim. On the contrary, this order opens up the possibility of further litigation between the parties, while causing neither irreparable loss nor prejudice to Appellant. Review of the correctness of the trial court's action in opening the judgment is merely postponed to a later date. As such, we find that the order opening judgment is not a final order, and it should be quashed because it remains unripe for appeal.

█ In the instant case the petition to open judgment was filed prior to the effective date of amended Rule 311. We are mindful of the fact that this court has sometimes declined to apply a new or amended procedural rule to actions commenced prior to the effective date of the adoption or amendment of the rule. *See, Canter v. Canter,* 238 Pa.Super. 347, 357 A.2d 659, 666 n. 9 (1976) (rule of civil procedure pertaining to standards for opening confessed judgment was amended after institution of suit to open, amended rule was held not to apply to case at bar); *Giacco v. Pampena,* 318 Pa.S. 376, 465 A.2d 3 (1983) (court declined to apply amended Rule of Civil Procedure 4003.5 concerning discovery of expert testimony because action was instituted prior to effective date of amended Rule).

However, there are several reasons for applying the amended Rule 311 to the instant case. First, the order adopting amended Rule 311 states that insofar as it is just and practicable new Rule 311 shall govern all matters pending at the time the rule becomes effective, July 1, 1989. This case was pending on appeal as of the effective date of the Rule, and insofar as this amendment has the procedural effect only of postponing consideration of Appellant's claim, it does not enlarge or abolish any substantive rights of the parties. Hence, there is no injustice in applying the Rule to this case.

Secondly, amended Rule 311 is a rule of appellate procedure, while in those cases where this court declined to apply an amended rule, the rule in question was a rule of civil procedure. There is a stronger argument to be made for finding that the procedural rights derived from the rules of civil procedure are determined by the law in force when the action is initiated, not only because Pa.R.C.P. No. 152 provides that the new provisions of an amended rule shall be construed as effective only from the date when the amendment becomes effective, but also because of the injustice inherent in changing the rules in the middle of the game when the parties are relying on certain procedures. However, the change in Rule 311, affects the litigants only upon appeal, not at the commencement of the case, and hence it is not unfair to apply this Rule to pending cases.

■ Therefore, for all of the above reasons we find that Appellant may not take an appeal as of right from this order granting Mr. Bowers' petition to open confessed judgment. Rather, we hold that Pa.R.A.P. 311(a)(1) as amended, effective July 1, 1989, applies to all cases pending on appeal on the effective date unless to deny review would result in the irrevocable loss of a litigants's rights. Therefore, we quash this appeal from the order opening the confessed judgment and remand the matter to the trial court. Jurisdiction relinquished.