567 A.2d 336

**Mario GALLELLI, Appellant,**

**v.**

**FIREMEN'S INSURANCE COMPANY and
Underwriter's Adjusting Company.**

Superior Court of Pennsylvania.

Argued June 7, 1989.

Filed Dec. 12, 1989.

Bernard M. Gross, Philadelphia, for appellant.

Paul A. Lawless, Philadelphia, for appellee.

Before CIRILLO, President Judge, and ROWLEY and MONTEMURO, JJ.

PER CURIAM:

Appeal quashed.

ROWLEY, Judge, dissenting.

Although I respect the majority's determination to follow and apply the mandate established by a panel of this Court in *Palermo Development Corp. v. Bowers*, 388 Pa.Super. 49, 564 A.2d 996 (1989), I nevertheless dissent in order to distance myself as far as possible from the decision in *Palermo*, the effect of which is to substitute the phrase "the irrevocable loss of a litigant's rights" for the phrase "just and practicable" in amended Pa.R.A.P. 311(a)(1).

This action had its genesis in a September 16, 1987, automobile accident on Passyunk Avenue in Philadelphia, Pennsylvania. The appellant, Mario Gallelli, sustained serious personal injuries while road testing a motor vehicle owned by Maria Gallazo. Appellant subsequently filed an insurance claim to recover the medical costs and expenses associated with his accident. His insurance carrier, Firemen's Insurance Company (Firemen's), one of the appellees herein, reviewed the claim and responded with a letter denying appellant's claim and asserting that his coverage under the policy did not extend to this accident.

On September 1, 1988, Gallelli instituted suit against Firemen's and Underwriter's Adjusting Company (Underwriter's) for their failure to pay first party benefits. Both Firemen's and Underwriter's were served with a copy of the complaint on September 14, 1988. Neither appellee answered the complaint or filed a responsive pleading within twenty days as required by Pennsylvania Rule of Civil Procedure 1026. Pursuant to the mandate of Pennsylvania Rule of Civil Procedure 237.1, Gallelli's counsel notified Firemen's

and Underwriter's by certified and regular mail that he intended to take judgment by default unless they answered the complaint within ten days. This notice was dated October 12, 1988. On October 18, 1988, after being informed of the receipt by appellees of the ten day notice of intention to take default judgment, counsel for the appellees allegedly contacted appellant's counsel's secretary, and left a message requesting an extension of time to answer the complaint. In a letter dated October 25, 1988, appellees' counsel attempted to confirm the extension of time by stating: "[t]his will confirm that you have allowed us a reasonable extension of time within which to Answer the Complaint filed in the above-captioned matter. I am preparing and filing an Answer presently." The following day, however, appellant's counsel filed the appropriate documents for the entry of a default judgment against Firemen's and Underwriter's.

On November 9, 1988, Firemen's and Underwriter's filed a petition to open or strike the default judgment entered on October 26, 1988. On January 13, 1989, the Honorable Samuel M. Lehrer entered an order in which he granted Firemen's and Underwriter's petition to open the default judgment, and denied their petition to strike the judgment.

This timely appeal from the order opening the judgment was filed on February 15, 1989. The trial court's record was received in this Court on February 24, 1989. Appellant's brief and reproduced record were filed on April 4, 1989. Appellee's brief was filed on May 4, 1989, and the case was argued before us on June 7, 1989. At argument the question of the applicability of the amendment to Pa.R. A.P. 311(a)(1), which was not yet in effect, was never mentioned. Because I do not believe that under these circumstances the mandate of *Palermo* is either "just" or "practicable," I dissent.[1]

---

1. I agree that new Rule 311(a)(1) is a welcome revision to appellate practice in Pennsylvania. My only disagreement is with this Court's inflexible, retroactive application of the amendment to all appeals pending on the Rule's effective date.

By its order of March 31, 1989, adopting the amendment to Rule of Appellate Procedure 311(a)(1), the Supreme Court provided that:

> The amendments ... shall become effective July 1, 1989, and shall govern all matters *thereafter* commenced and, insofar as just and practicable, matters then pending. (emphasis supplied)

The phrase "insofar as just and practicable" qualifies the clause concerning "matters then pending." Read in this light, the Court's order provides that the amendment shall govern pending appeals only if quashing the appeal can be considered to be "just and practicable." It seems clear to me, therefore, that the Supreme Court intended that application of the amended Rule to pending appeals should be determined on a case-by-case basis after due consideration is given to all of the relevant circumstances and an objective determination is made that such application is "just and practicable."

On the other hand, the decision in *Palermo* dictates that the amendment is to be applied to "*all* cases pending an (sic) appeal." The only qualification expressed by the Court to Palermo's sweeping mandate is that if the appellant can establish that application of the amendment would "result in the irrevocable loss of" his or her "rights," the amendment should not be applied. Since in my judgment "irrevocable loss of rights" does not have the same meaning as "just and practicable," it appears to me that the Court, in *Palermo*, has rewritten the Supreme Court's order. I decline to join in such an exercise.

Furthermore, I submit that what appears to be a qualification to the general rule mandated in *Palermo* is illusory. No set of circumstances has been suggested that would result in an irrevocable loss of an appellant's right of appellate review if the appeal from an order opening a default judgment were quashed. To the best of my knowledge, that condition has not been found to be applicable in any of the cases pending in this Court to which *Palermo* has been applied. Nor have I been able to conceive of any

set of circumstances where such an irrevocable loss would occur. Additionally, it is appropriate to note that neither the appellant in *Palermo* nor the appellant in this case has been extended an opportunity to tell us whether, in their opinion, they will sustain an "irrevocable loss" of a right by this Court's orders quashing their appeals. Thus, as I perceive the holding in *Palermo, all* cases, without exception, pending in this Court on the effective date of the rule, where the appeal is from an order opening a default judgment, *must* be quashed without any consideration or concern for the practicability or justice of such an order. Because I believe such a mandate is contrary to the Supreme Court's order, I dissent.

In the present case, the appeal was filed not only before amended Rule 311(a)(1) became effective, but also before the order adopting the amendment was entered. Thus, it is unquestionable that at the time appellant decided to file the appeal, it was not "premature." Appellant then had an absolute *right* to take an immediate appeal, and appellant relied upon that right in deciding to undertake the cost of an appeal, including the cost of reproducing the record, retaining counsel for the appeal, and filing a brief. Moreover, this Court obtained unquestioned jurisdiction to decide the appeal upon its filing. It was only after the appeal had been perfected, after the reproduced record was filed, after appellant's and appellee's briefs were filed, and after the case had been argued that the amended Rule became effective. If the amended Rule is applied to the present case, there can be no question but that the efforts of counsel and the financial resources of the parties which have been expended will have been "irrevocably lost" through no fault of the parties or their counsel and without giving them an opportunity to be heard on the matter. Furthermore, it is entirely possible, because of the cost involved and the delay envisioned by "postponing" appellate review of the issue raised by appellant, that appellant's right to appellate review of the issue, if not *irrevocably* lost, may, as a practical matter, have been lost.

Also, in making the determination of what is "just and practicable" in each individual case, the Court should consider not only the economic impact of application of the amended Rule on the parties, but practical considerations such as whether anything is to be gained by requiring the parties to pursue further proceedings in the trial court if it is apparent that the trial court erred in opening the judgment. To apply the amended Rule in such a situation would not only be a waste of the parties' money and time, but also a waste of judicial resources, and an unwarranted delay in the administration of justice.

In *Palermo*, the court noted that where amended rules of civil procedure have been deemed to be inapplicable to cases pending on the effective date of the amended Rule, one of the significant reasons for the refusal to apply the rule to the pending case is "the injustice inherent in changing the rules in the middle of the game when the parties are relying on certain procedures." *Palermo, supra,* 388 Pa.Super. at ——, 564 A.2d at 998. In the instant case, the appellant properly relied on the version of Rule 311(a)(1) in effect when the appeal was filed. To hold that the amended Rule 311(a)(1), which became effective only after the appeal was properly perfected, *must* be applied to the present case, is to "change the rules" in the middle of the game. In the same manner that the court in *Palermo* finds "injustice inherent" in the changing of rules of civil procedure during the pendency of an action in the trial court, I find an inherent injustice in quashing this appeal on the basis of a rule which had not been adopted when the appeal was filed and was not effective until after it was argued.

Because the standard that the Supreme Court directed us to use when determining the applicability of the amended Rule 311(a)(1) to cases pending on appeal was whether or not it is "just and practicable" to do so, because on the facts of the instant case I find it to be unjust and impracticable to apply amended Rule 311(a)(1) to quash the instant appeal, because I believe the Supreme Court's mandate set forth in its amendment to Rule 311(a)(1) is still the law of Pennsyl-

vania, and because the "holding" of *Palermo* is in direct conflict with the amendment, I dissent.