567 A.2d 1093

**Denise LITES, Appellant,**

v.

**Arnold BERMAN, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 17, 1989.

Filed Dec. 26, 1989.

Petition for Allowance of Appeal Granted May 8, 1990.

Frederick C. Timm, Philadelphia, for appellant.

Harry G. Mahoney, Philadelphia, for appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

PER CURIAM:

Order affirmed.

WIEAND, Judge, dissenting.

The majority has dutifully followed the holding of a panel of this Court in *Joseph Palermo Development Corp. v. Thomas Bowers,* 388 Pa.Super. 49, 564 A.2d 996 (1989) and has sua sponte quashed this appeal even though the appeal, when filed, was proper under Pa.R.A.P. 311(a)(1) and not then subject to being quashed. Because I am of the opinion that *Palermo* was incorrectly decided, I respectfully dissent.

The appeal in this case was filed on December 22, 1988, and sought review of an order of the trial court which had opened a default judgment. Such an appeal was authorized by Pa.R.A.P. 311(a)(1), which provided specifically that an appeal could be taken as of right from "[a]n order opening, vacating or striking off a judgment, or refusing to open,

vacate or strike off a judgment." The appeal, therefore, was a proper appeal when taken and could not properly be quashed.

Appellate Rule 311(a)(1) was amended by the Supreme Court on March 31, 1989, to allow an immediate appeal as of right only from an order refusing to open, vacate or strike off a judgment. The order of the Supreme Court which adopted the amended rule directed that the amendment "shall become effective July 1, 1989, and shall govern all matters thereafter commenced and, insofar as just and practicable, matters then pending."

The instant matter had been commenced in the trial court prior to the amendment of Rule 311(a)(1). A default judgment had been entered and also opened prior to the amendment, and an appeal therefrom had been filed at a time when the applicable rule expressly granted an immediate appeal as of right. The appellant paid a fee to file her appeal. She also prepared and filed a brief and a reproduced record. The appellee did not object to the appeal—the appeal was, as we have seen, procedurally proper—and responded by filing his own brief on the merits. For this Court to quash the appeal sua sponte because of an amended rule which became effective after the appeal had been taken is grossly unfair to counsel and the parties and is wholly unwarranted by any substantive or procedural rule of law. It is neither just nor practicable to apply the amended rule retroactively so as to throw the parties out of court without decision when their appeal, at the time when it was filed, was proper and in accordance with the specific language of the rule. To hold otherwise is to forget that the courts exist to serve the litigants and not vice versa. It is also in direct violation of Pa.R.C.P. No. 152. This rule provides specifically that when a procedural rule is amended, "the new provisions shall be construed as effective only from the date when the amendment became effective."

In *Palermo,* a panel of this Court acted sua sponte to quash an appeal from an order opening a confessed judgment even though the appeal had been properly filed in

12

accordance with existing law. This, in my best judgment, was not only erroneous but a disservice to the litigants, to their attorneys, and to the members of the public. It was not only contrary to the general rule which precludes the retroactive application of procedural rules, but it is contrary to the mandate of the Supreme Court and the intent of its Appellate Rules Committee as manifested in the order of the Supreme Court.

Because a majority of this Court has elected to follow *Palermo,* I am constrained to dissent. The appeal in this case was properly taken. Therefore, it should be decided and not quashed. Although it will probably come as small consolation to the parties that only a dissenting minority has considered the merits of the appeal, I propose to ameliorate the unfairness of the majority's decision by reviewing the circumstances which led the learned trial judge to open the default judgment in this case.

A petition to open a default judgment is addressed to the equitable powers of the court. A decision by a trial court which opens such a judgment will not be overturned in the absence of a manifest abuse of discretion. *Central Penn National Bank v. Williams,* 362 Pa.Super. 229, 232, 523 A.2d 1166, 1167 (1987). "In order to grant a petition to open a default judgment, the following factors must coalesce: (1) the petition to open must have been promptly filed; (2) a meritorious defense must be set forth; and (3) there must be a reasonable explanation for [the default]." *Burkett v. Allstate Ins. Co.,* 368 Pa.Super. 600, 603–604, 534 A.2d 819, 821 (1987).

In the instant case, the appellant does not contend that the petition to open was untimely filed or that appellee has no defense to the action. She argues only that the appellee-defendant failed to offer a reasonable excuse for his default.

Denise Lites, the plaintiff-appellant, was allegedly injured when she was struck by a toilet door on the seventh floor of a building owned by Arnold Berman, the defendant-appellee, at 219 North Broad Street, Philadelphia. The seventh

floor of the building had been leased to plaintiff's employer, Program Systems Institute, pursuant to a written lease which contained an indemnity clause and an agreement that the tenant would obtain liability insurance to include Berman, the owner, as a named insured. The insurance purchased by the tenant was issued by CNA Insurance Company. Berman was himself insured under a policy which had been issued by Regis Insurance Company.

The trial court found that the default had been inadvertent because of an expectation by Berman and his insurance carrier that the defense of plaintiff's action would be undertaken by CNA. It has been held that inadvertent errors by an insurer resulting in the entry of a default judgment against its insured may be sufficient justification for opening a judgment where the error is one of oversight and does not arise from a deliberate decision not to defend. *Balk v. Ford Motor Co.*, 446 Pa. 137, 142, 285 A.2d 128, 132 (1971); *DiNenno v. Great Atlantic & Pacific Tea Co., Inc.*, 245 Pa.Super. 498, 502, 369 A.2d 738, 740 (1976).

Therefore, I would affirm the trial court which concluded that the equities of the case were such that the default judgment against the defendant-lessor should be opened. I respectfully, but vigorously, dissent from the decision of the majority to quash the appeal.