569 A.2d 1043

**Steve Dubrow EICHEL, Appellant,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1989.

Decided Feb. 9, 1990.

Rex F. Brien, Williams & Cuker, Philadelphia, for appellant.

Alan C. Ostrow, Asst. City Sol., with him, David Garcia–Villarreal, Asst. City Sol., Seymour Kurland, City Sol., Norma S. Weaver, Chief Deputy in Charge of Claims, and Barbara R. Axelrod, Divisional Deputy in Charge of Appeals, for appellee.

Before CRAIG, McGINLEY and SMITH, JJ.

CRAIG, Judge.

Steven Eichel appeals from an order of the Court of Common Pleas of Philadelphia opening a default judgment against the City of Philadelphia.

The facts of this case are not in dispute. Eichel filed a complaint against the city on October 12, 1988. By letter dated October 17, 1988, the city's counsel requested from plaintiff's counsel a reasonable extension of time to file a response. In a letter dated October 26, 1988, Eichel's counsel responded to the request, and granted the city an additional twenty days to answer the complaint.

On December 12, 1988, Eichel filed a praecipe for entry of default judgment, and the prothonotary entered judgment against the city. On January 10, 1989, the city filed a petition to open the default judgment with the Court of Common Pleas of Philadelphia. By order dated May 16, 1989, the court granted the city's petition. Eichel filed this appeal.

On appeal, Eichel claims that the trial court erred in finding that the exchange of letters between the parties did not constitute an agreement under Pa.R.C.P. No. 237.1. However, this appeal must be quashed because under Pa.R. A.P. No. 311(a)(1), no appeal as of right may be taken from the trial court's order opening the default judgment.

Before an amendment to Rule 311(a)(1) became effective on July 1, 1989, an interlocutory appeal as of right could be taken from an order opening, vacating or striking off a judgment. Now, only an order *refusing* to open, vacate or strike off a judgment is immediately appealable.

In this case, we note that the city filed the petition to open the default judgment before July 1, 1989, the effective date of amended Rule 311. However, the order of the Supreme Court, March 31, 1989, No. 63, Appellate Rules Docket No. 1 states:

The amendments and new rules shall become effective July 1, 1989, and shall govern all matters thereafter

commenced and, insofar as just and practicable matters then pending.

In *Joseph Palermo Development Corp. v. Bowers*, 388 Pa.Superior Ct. 49, 564 A.2d 996 (1989), a case indistinguishable from this one, the Superior Court stated:

> This case was pending on appeal as of the effective date of the Rule, and insofar as this amendment has the procedural effect only of postponing consideration of Appellant's claim, it does not enlarge or abolish any substantive rights of the parties. Hence, there is no injustice in applying the Rule to this case.

Therefore, in the words of the Superior Court, "we hold that Pa.R.A.P. 311(a)(1) *as amended*, effective July 1, 1989, applies to all cases pending on appeal on the effective date unless to deny review would result in the irrevocable loss of a litigant's rights." *Id.*, 388 Pa.Superior Ct. at 53, 564 A.2d at 998.

Accordingly, the appeal is quashed.

## ORDER

NOW, February 9, 1990, the appeal from the order of the Court of Common Pleas of Philadelphia, No. 1844, dated May 16, 1989, is quashed.