571 A.2d 466

**Richard T. ACRE, Jr. and Debra L. Acre, his Wife, Appellants,**

v.

**NAVY BRAND MANUFACTURING COMPANY, Appellee.**

Superior Court of Pennsylvania.

Submitted July 10, 1989.

Filed March 16, 1990.

478

Kevin R. Lomupo, Pittsburgh, for appellants.

Thomas M. Fallert, Pittsburgh, for PPG Industries, appellee.

Alan H. Perer, Pittsburgh, for Navy Brand, appellee.

Ralph A. Davies, Pittsburgh, for Chemply, appellee.

Before BROSKY, WIEAND and KELLY, JJ.

KELLY, Judge:

Appellant appeals from an order striking judgment. We exercise our discretion to permit the appeal which was taken during the phase-in period of amended Pa.R.A.P. 311(a)(1).

On appeal, appellant argues a default judgment entered on the *eighth* day of the *ten* day period to respond to a notice of intent to enter default under Pa.R.C.P. 237.1(a), while defective, was cured by re-entry of judgment after the tenth day without striking the defective judgment first and beginning proceedings anew. We affirm the trial court's determination that such a judgment remains defective and must be struck.

## I. *Allowance of Appeal*

Prior to March 31, 1989, an order striking a default judgment was appealable as of right. On that date the Supreme Court amended Pa.R.A.P. 311(a)(1) to remove the right to an immediate interlocutory appeal of such orders. The Supreme Court's order provided for the new rule's effectiveness as follows:

> The amendments ... shall become effective July 1, 1989, and shall govern all matters *thereafter* commenced and, insofar as just and practicable, matters then pending.

(Emphasis supplied in original). Difficulty has arisen in determining the intent of the Supreme Court concerning the provision that the new rule shall apply to matters commenced prior to July 1, 1989, "insofar as just and practical."

In *Joseph Palermo Dev. Corp. v. Bowers,* 388 Pa.Super. 49, 564 A.2d 996 (1989), appellant sought review of an order opening judgment based upon an assertion that the "trial court erred in finding that Mr. Bowers produced evidence in support of a meritorious defense which raised issues of fact susceptible to jury determination." 564 A.2d at 997. The panel analogized to Pa.R.A.P. 341, and noted that postponing review of the factual issue raised would not result in any irreparable harm. The panel therefore decline to permit immediate appeal of the interlocutory order, finding that it was both just and practicable to apply the new rule in that case.

In non-binding *memorandums, Joseph Palermo Development Corp. v. Bowers, supra,* has been construed to provide that the new rule will be applied in *all* cases unless a showing of irreparable harm is made. Published dissents to those memorandums have criticized such readings of the new rule. *See Gallelli v. Fireman's Ins. Co.,* 389 Pa.Super. 375, 567 A.2d 336 (1989); *Lites v. Berman,* 390 Pa.Super. 10, 567 A.2d 1093 (1989).

■ We agree with the published dissents insofar as they suggest that a showing of irreparable harm to appellant's substantive rights is not required. We do not read *Joseph*

*Palermo Dev. Corp. v. Bowers, supra,* to impose such a requirement, nor could it have reached out beyond the facts and issues presented in that case to have decided such a matter. We find *Joseph Palermo Dev. Corp. v. Bowers, supra,* to be materially distinguishable from the instant case.

In that case, analogy to the final order doctrine was apt; here, even if apt, such an analogy is incomplete. Under the rules of appellate procedure an appeal from an interlocutory order may be taken *by permission* when an issue of law is presented, there are substantial grounds for disagreement upon the issue, and immediate appellate determination may materially advance termination of the matter. Pa.R.A.P. 1312(a)(3–5). While this rule had no analogy to the exercise of our discretion under new Pa.R.A.P. 311(a)(1) in *Joseph Palermo Development Corp., supra,* it has analogous application here.

■ The issue presented here on appeal is whether a defective default judgment prematurely entered may be cured by re-entry of judgment after the proper notice period expired without first striking the defective judgment and recommencing the default judgment process. Had new Pa.R.A.P. 311(a)(1) been effective at the time the order striking judgment was entered, appellant could have petitioned for permissive review of this novel and potentially dispositive issue of law, and we would have been inclined to grant it. The 30 day period for seeking such review has long since past. Pa.R.A.P. 1311(b). Thus, in a limited sense the application of the rule here would result in "irreparable harm" in that the right to seek permissive review was "irretrievably lost" while appellant pursued his then proper appeal of right, rather than the now proper petition for review. Consequently, we consider it neither just nor practicable to apply new Pa.R.A.P. 311(a)(1) in this case. We conclude that *Joseph Palermo Dev. Corp., supra,* is distinguishable, and that the appeal is properly before us for review.

## II. *Attempt to Cure a Defective Default Judgment*

Richard T. Acre, Jr. and Debra L. Acre filed a complaint in which they alleged that Richard had contracted hepatitis, with resulting liver damage, because he had inhaled vapors from chemicals manufactured and/or sold by the defendants, PPG Industries, Inc., Navy Brand Manufacturing Company, and Chemply, a division of United Chemicals, Inc. When Navy Brand Manufacturing Company (Navy Brand) failed to file a timely answer, plaintiffs caused a default judgment to be entered against it. The trial court, in response to a motion to strike or open the judgment, determined that the judgment was defective and ordered that it be stricken.[1] The plaintiffs appealed. We affirm.

After the time for filing an answer had expired, the plaintiff-appellants mailed notice of intent to enter a default judgment to Navy Brand, as required by Pa.R.C.P. 237.1.[2] This notice was mailed on December 14, 1987. Eight days later, on December 22, 1987, the plaintiff-appellants caused the default judgment to be entered. The judgment was clearly defective and subject to being stricken on motion. Rule 237.1 required that a notice of intent to enter a default judgment must be sent at least ten (10) days prior to the filing of the praecipe for default judgment. *See Central Penn National Bank v. Williams,* 362 Pa.Super. 229, 523 A.2d 1166 (1987); *Fountainville Historical Farm Association of Bucks County, Inc. v. Bucks County,* 340 Pa.Super. 412, 490 A.2d 845 (1985); *Lauer v. Fannell,* 34 D.

---

1. The default judgment was entered against Navy Brand alone. Thus, the other defendants are not parties to the present appeal.

2. Pa.R.C.P. 237.1(a) provides as follows:

   (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

& C.3d 62 (Luzerene Cty.1984); 11 Std.Pa.Prac.2d § 68.11. A petition to strike a judgment will be granted where the record affirmatively shows a failure to comply with Pa.R. C.P. 237.1. *Fierst v. Commonwealth Land Title Insurance Co.*, 369 Pa.Super. 355, 360, 535 A.2d 196, 198–199 (1987).

The error of the premature judgment evidently was soon thereafter discovered and brought to the attention of the prothonotary. On January 5, 1988, the prothonotary entered a notation in the docket as follows:

Judgment entered in error, corrected 1/5/88, Jan. 6, 1988 on praecipe [judgment] entered against Navy Brand Mfg. Co. by default. Notice of intent dated 12/14/87. Notice mailed 1/6/88. (R–48)

A notation was also made in the judgment index to indicate that the first entry of default judgment had been made in error. On January 18, 1988, counsel for Navy Brand filed a petition to open or strike the judgment. The trial court, as we have observed, ordered the judgment stricken.

The issue to be decided is whether a default judgment which is defective because entered less than ten (10) days after giving notice under Rule 237.1 can be perfected, without additional notice, by a re-entry of the judgment more than ten days after the original notice.

Although Rule 237.1 is silent with respect to this issue and the courts have not spoken thereon, we conclude that a new notice must be given and an additional ten days must expire before a valid judgment can be entered. To hold otherwise would be to deprive the defaulting party of the full ten day period which the rule intended to provide for curing the default. After a premature default judgment has been entered, the defaulting party is required to move to strike the judgment, and, unless the judgment is removed, he cannot defend the action on the merits. Rule 237.1, however, was intended to provide a full ten days following notice within which to cure the default. *See* Explanatory Note—1979, Pa.R.C.P. 237.1.

To allow the judgment to remain in this case would be to permit appellants to enter a default judgment after the expiration of only eight (8) days following the mailing of notice under Rule 237.1. The judgment was not thereafter opened or stricken at any time so as to give Navy Brand the full period allowed by the rule to cure the default by filing a responsive pleading. Because the full time allowed for curing the default was not given, the trial court correctly ordered the judgment stricken.

Order affirmed.

WIEAND, J., concurs.

WIEAND, Judge, concurring.

I concur in the majority's affirmance of the trial court's order. I disagree with my colleagues of the majority only to the extent that they hold that the plaintiffs' right of appeal is discretionary with this Court. The trial court's order striking the default judgment was entered on October 24, 1988. An appeal was filed within thirty (30) days thereafter. Such an appeal was then specifically permitted by Pa.R.A.P. 311(a)(1).[1] Therefore, it was not subject to being stricken or quashed. Pa.R.A.P. 311(a)(1) was not amended by the Supreme Court until March 31, 1989, and it did not become effective until July 1, 1989.[2] For reasons

[1] At the time when this appeal was filed, Pa.R.A.P. 311(a)(1) provided as follows:
 (a) General rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:
(1) Affecting judgments. An order opening, vacating or striking off a judgment, or refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

[2] Amended Pa.R.A.P. 311(a)(1) provides as follows:
 (a) General Rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:
(1) Affecting Judgments. An order refusing to open, vacate or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

484

more specifically set forth in my Dissenting Opinion in *Lites v. Berman*, 390 Pa.Super. 10, 567 A.2d 1093 (1989), I would hold that the amended rule cannot be applied retroactively to render improper an appeal filed before the amended rule became effective, much less to an appeal filed before the amendment was adopted.[3] Because the appeal in this case was properly filed, our consideration of the merits thereof is not discretionary. As in all cases in which an appeal is properly filed, the Superior Court is mandated to review the substantive issues which have been preserved in the trial court and argued on appeal.

The Supreme Court order adopting the amended rule provided as follows:
The amendments ... shall become effective July 1, 1989, and shall govern all matters *thereafter* commenced and, insofar as just and practicable, matters then pending.

3. A contrary decision by a panel of this Court in *Joseph Palermo Development Corp. v. Bowers*, 388 Pa.Super. 49, 564 A.2d 996 (1989), is, in my judgment, an erroneous interpretation of the order amending Pa.R.A.P. 311(a)(1).