**Reuben v. Scott**

C.P. of Montgomery County, no. 94-18291.

*James O. Reuben,* in propria persona.
*Allen M. Mandelbaum,* for defendants.

CARPENTER, *J.,* May 4, 1995—

## FACTS

James Reuben,[1] appellant, appeals an order of this court entered on February 24, 1995, which granted the defendants Crystal Scott and Henry Sims' petition to vacate or strike the judgment that the appellant had entered against them.

The origin of this dispute can be found in a landlord tenant relationship that exists between the appellant, who is the owner and landlord of the subject property and the defendants, who are his tenants. On August 22, 1994, the appellant initiated an action in the district court[2] asserting that the defendants were in breach of a rental agreement, for which he sought to recover outstanding rent and damages. The district justice ruled in favor of the appellant in the amount of $1,883.35. Both parties appealed this decision, so on October 5, 1994 the appellant then filed a complaint in the Court of Common Pleas for Montgomery County. The defendants answered the complaint and asserted new matter and counterclaim on March 9, 1995.[3]

Despite the pending appeal from the district court and various preliminary objections, on December 6, 1994, the appellant entered a default judgment against the defendants. Thereafter on December 15, 1994, the appellant began actions to execute on the judgment including a garnishee action on the defendant's bank account. The bank's attorney wrote to the appellant

1. At all times throughout this action, including this appeal, James Reuben has been proceeding pro se.

2. The dispute was heard by District Justice Donald O. Riehl in West Conshocken.

3. During the time after the complaint was filed the appellant filed preliminary objections to the amount of the supersedeas bond held by the prothonotary from the defendants as required on appeal of a district justice ruling.

informing him that the Pennsylvania Rules of Civil Procedure require him to wait 20 days from the date of service of a writ of execution on the garnishee before entering a judgment in that manner.[4]

In response to the foregoing the defendants filed a petition to vacate or strike the judgment entered against them on December 6, 1994. They assert that in entering the judgment the appellant failed to follow the Pennsylvania Rules of Civil Procedure, specifically Rule 237.1, which requires the appellant to direct to the defendants a notice of praecipe for entry of default judgment prior to the entry of the judgment. On February 24, 1995, this court heard argument regarding the defendants' petition and ultimately entered an order granting the petition and opening the default judgment.

## ISSUE

1. *Whether the Reviewing Court Needs To Reach the Merits of the Appellants' Pro Se Appeal Even Though the Order From Which the Appeal Is Taken Is Interlocutory*

## DISCUSSION

At the outset of this discussion we feel that the Superior Court should note that throughout this action the appellant has been representing himself and this fact does not relieve him of the requirement to follow the rules of civil or appellate procedure. In the case of *Jones v. Rudenstein,* 401 Pa. Super. 400, 585 A.2d 520 (1991), the Pennsylvania Superior Court stated:

"Appellant apparently labors under the *false* assumption that by proceeding *pro se* he is absolved of all responsibility to comply with procedural rules, and that the appellee and/or the court had some affirmative duty

---

4. Pa.R.C.P. 3123.1(c)

to walk him through the procedural requirements, or to ignore the procedural requirements, in order to reach the merits of his claim. Such is not the case." *Id.* at 404, 585 A.2d at 522. (emphasis in original)

The Superior Court went a step further and acknowledged the fact that pro se litigants assume the risk that their mistakes or lack of legal sophistication can be a fatal flaw to their claim. *Daly v. Unemployment Compensation Board of Review,* 158 Pa. Commw. 130, 133, 631 A.2d 720, 722 (1993); *Triffin v. Janssen,* 426 Pa. Super. 57, 626 A.2d 571 (1993).

With that being said, the appellant's claim should be dismissed as it is an appeal from an order of this court, which opened a default judgment and therefore it is clearly interlocutory. It is well settled in this Commonwealth that appeals may only be taken from orders that are considered final orders of the court. Final orders are defined by statute in Rule 341 of the Pennsylvania Rules of Appellate Procedure as:

*"(a) General rule.* Except as prescribed in subdivisions (d) and (c) of this rule, an appeal may be taken as of right from any order of an administrative agency or lower court.

*"(b) Definition of final order.* A final order is any order that:

"(1) disposes of all claims or all parties; or

"(2) any order that is expressly defined as a final order by statute; or

*"(c)* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties only upon an express

determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order. ..."

In the case sub judice the order that is the subject of this appeal merely opened a default judgment and did not dispose of all claims, all parties or put an end to the litigation.

The Pennsylvania Superior Court in the case of *Joseph Palermo Development v. Bowers,* 388 Pa. Super. 49, 564 A.2d 996 (1989), addressed facts, which are squarely on point with the facts here. In *Joseph Palermo Development, supra,* the defendant filed a petition to open a confessed judgment against him. The Court of Common Pleas in Erie County granted his petition and the plaintiff appealed. In quashing the appeal as interlocutory the Superior Court stated, "we need not decide this issue because we find that no appeal as of right may be taken from the trial court's order opening the confessed judgment. Pa.R.A.P. 311(a)(1), 42 Pa.C.S. Rather, we hold that this appeal should be quashed because it is interlocutory and premature." *Id.* at 51, 564 A.2d at 997.

A similar result should be reached in the present appeal. Here this court's order of February 24, 1995, was not a final order that would put an end to the litigation between the parties, rather it opened a judgment that was entered defectively. The appellant's claims for back rent and damages are still viable and he would not suffer any prejudice by having to bring them before the court. Therefore, the Superior Court does not need

to reach the merits of the appellant's appeal as it is not ripe for their review.

## CONCLUSION

Based on the foregoing analysis the appellant's appeal of this court's order opening the default judgment should be quashed as being interlocutory.