J-S18022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EMEKA KINGSLEY OGUEJIOFOR, PROGRESS AUTO SALVAGE, AND WECAN TRANSPORT, INC. | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 82 MDA 2022 |
| KONSTANTINOS G. SGAGIAS AND AUMILLER'S WEST, INC. | : | |
| KONSTANTINOS G. SGAGIAS AND AUMILLER'S WEST, INC. | : | |
| v. | : | |
| EMEKA KINGSLEY OGUEJIOFOR, PROGRESS AUTO SALVAGE, AND WECAN TRANSPORT, INC. | : | |
| Appellants | : | |

Appeal from the Order Entered December 3, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2019-SU-02350

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED SEPTEMBER 30, 2022**

Emeka Kingsley Oguejiofor, Progress Auto Salvage, and Wecan Transport, Inc. ("Appellants") appeal from the order denying their petition to open a default judgment entered against them and in favor of Konstantinos

G. Sgagias ("Appellee").[1] Appellants claim the court erred in denying their petition to strike the default judgment and their petition to open it. We conclude the court did not err in denying the petition to strike the entry of judgment, but that the portion of the judgment awarding damages on the unjust enrichment claim is void. We further conclude Appellants waived the claims raised in their petition to open because they failed to include them in the earlier-filed petition to strike. We therefore reverse in part and affirm in part and remand for further proceedings.

We will provide a brief factual and procedural history.[2] On October 1, 2020, Appellee filed a fourth amended complaint in this action.[3] The fourth amended complaint had two counts—ejectment and unjust enrichment. It sought ejection of Appellants from the subject property and the rent allegedly owed to Appellee, claiming a fair market value rent of $3,500 per month.

On November 23, 2021, Appellee filed a praecipe to enter judgment by default. It attached to the praecipe a copy of the Important Notice pursuant to Pa.R.C.P. 237.1 that it sent to Appellants. In the case caption on the

---

[1] Aumiller's West, Inc. is a party to related action and listed as a plaintiff on the first two complaints filed in this action. It was not listed as a plaintiff on the third and fourth complaints filed in the case on appeal.

[2] For a more complete history of this and related cases, see the trial court's opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). Trial Court Opinion, filed Feb. 11, 2022, at 1-6 ("1925(a) Op.").

[3] The ejectment action is docket 2019-SU-002351. However, it was consolidated with a declaratory judgment action docketed at 2019-SU-002350 and the trial court directed that all filings be made under the declaratory judgment action docket number. 1925(a) Op. at 3.

Important Notice, the docket number was listed as "2019-SU-2050," not "2019-SU-2350." Further, the address on the Important Notice sent to Progress Auto Salvage gave the address as "Lewisberry, York 17339," instead of "Lewisberry, PA 17339."

That same day, the court entered default judgment in favor of Appellee and against Appellants for exclusive possession of the property and for a $133,000 monetary judgment. The following day, Appellants moved to strike the default judgment, alleging, among other things, that the docket number on the notice was incorrect and the notice sent to Progress Auto Salvage contained an incorrect address. The trial court denied the petition to strike, on December 3, 2021.

On December 7, 2021, Appellants filed a petition to open the default judgment. The court denied it.[4] Appellants filed a notice of appeal.

Appellants raise the following issues:

> A. Did the trial court err in refusing to strike the judgment based on the defects in the record at the time that judgment was entered?
>
> B. Did the trial court err in refusing to open the default judgment where the delay in filing the answer was justified, where the Appellants raised multiple meritorious defenses to [Appellee's] claims, and where the petition to open was promptly filed following the entry of default judgment?

Appellants' Br. at 4 (suggested answers and some capitalization omitted).

---

[4] Appellants also filed a motion to reconsider, which the court did not address prior to the appeal, but which it subsequently denied.

In their first issue, Appellants challenge the denial of the motion to strike, asserting two arguments—fatal defects on the face of the record and the Prothonotary's lack of authority to enter equitable relief.[5]

We first address Appellants' claim the court erred in denying the motion to strike due to defects on the face of the record. Appellants point out that the Important Notice sent to each Appellant contained an inaccurate docket number – No. 2019-SU-2050 rather than No. 2019-SU-2350. Further, the Important Notice sent to Progress Auto Salvage contained an inaccurate address, stating "Lewisberry, York 17339," not "Lewisberry, PA 17339."

Appellants claim the court erred when denying the motion because it did not limit its analysis to the record and speculated that the address may not have been used and that it was highly unlikely a minor clerical error would cause the mailing to go astray. They further criticized the trial court for "chastis[ing]" them for not asserting they did not receive the notice. Appellant's Br. at 15. They claim a motion to strike is based on the record, and any factual allegations regarding whether they received it would have been inappropriate.

---

[5] On appeal Appellants do not challenge the portion of the judgment granting ejectment. This is likely because the Commonwealth Court upheld Appellee's purchase of the property at a tax sale, Appellee is in possession of the property, and Appellants have no right, title, or interest in the property. Any challenge to ejectment would therefore be moot. *See, e.g., Delaware River Preservation Co., Inc. v. Miskin*, 923 A.2d 1177, 1183 n.3 (Pa.Super. 2007) (reiterating that where event occurs that renders impossible grant of relief, the issue is moot and the appeal subject to dismissal).

A petition to strike operates as a demurrer on the record and is granted where the face of the record contains a fatal defect or irregularity:

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered.

*Penn Nat'l Mut. Cas. Ins. Co. v. Phillips*, 276 A.3d 268, 273-74 (Pa.Super. 2022) (quoting *Bank of New York Mellon v. Johnson*, 121 A.3d 1056, 1059-60 (Pa.Super. 2015)) (alterations in original). Whether a court properly denied a petition to strike raises a question of law, which we review *de novo*. *Oswald v. WB Public Square Assoc., LLC*, 80 A.3d 790, 793 (Pa.Super. 2013).

Pursuant to Pennsylvania Rule of Civil Procedure 237.1, the Prothonotary cannot enter a default judgment unless the party seeking default includes a certification that a written notice of intention to file the praecipe was sent to the defendant at least ten days prior to the filing of the praecipe:

> (2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a

> certification that a written notice of intention to file the praecipe was mailed or delivered
>
> . . .
>
> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa.R.C.P. 237.1.

"The intent of Rule 237.1 is to allow the defaulting party a full ten-day period to cure the default." *Green Acres Rehabilitation and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1271 (Pa.Super. 2015) (citing *Acre v. Navy Brand Mfg. Co.*, 571 A.2d 466, 469 (Pa.Super. 1990)). "Under the doctrine of substantial compliance, the trial court may 'overlook any procedural defect that does not prejudice a party's rights.'" *Id.* at 1272 (quoting *Womer v. Hilliker*, 908 A.2d 269, 276 (Pa. 2006)); *accord* Pa.R.C.P. 126. "[P]rocedural rules are not ends in themselves, and . . . rigid application of [the Rules] does not always serve the interest of fairness and justice." *Green Acres,* 113 A.3d at 1272. (quoting *Womer*, 908 A.2d at 276) (alteration in original).

The trial court concluded the minor typographical in the docket number did not constitute a fatal defect:

> [I]t is . . . true the docket number contained a small typographical error. The number "2050" was listed instead of "2350." Rule 126 clearly requires the rule of civil procedure to be "liberally construed to secure the just, speedy and inexpensive determination of every action . . ." Pa.R.C.P. 126 . . . . [T]he caption properly identify the parties to the action, so there could not be confusion as to which matter the notice related. To disturb a valid default

> judgment based upon a one digit typographical error which
> did not prejudice a party would violate the requirement of
> liberal construction set forth above. Thus, there is no merit
> in [Appellants'] claim[.]

Trial Court Opinion, filed Feb. 11, 2022, at 10 ("1925(a) Op.") (emphasis

removed).

The court likewise found the typographical error in the address was not

a fatal defect, reasoning the minor clerical error which replaced "PA" with

"York," would not have caused the mailing to go astray, noting all other

information, including the zip code, was accurate:

> In an incredibly narrow sense, it is firstly possible that while
> the Notice displayed an address with a clerical error, that
> the erroneous address was not used. While such a
> statement would not be permissible as a rationale to permit
> an erroneous address for service in the vast majority of
> situations, in this situation, the error is so minor that it is
> immaterial. That is because secondly, it is highly unlikely
> that such a minor clerical error, even if included on the
> envelope, would lead to the mailing to go astray, instead of
> reaching its intended destination. The street number, street
> name, town, and 5-digit zip code are all correct. Only the
> portion of the address intended for the state is incorrect,
> and even then, it is not replaced by another state, but by a
> plainly erroneous name. Further, while "York" could be an
> incorrect reference to a city, which might cause some
> conflict with "Lewisberry," the county where Lewisberry is
> situated is "York County." If any erroneous word were to be
> placed into the address, "York" taking the place of "PA" in
> the address is the one least likely to cause a failure in
> service. Finally, nowhere in the Motion is it alleged that
> Progress Auto Salvage did not in fact receive the Notice.
> Again, this statement is the type where only these exact
> circumstances lead to a holding that this error is immaterial.
> If the address were radically, materially incorrect, it could
> potentially be forgiven if such a Motion did not explicitly
> state that service was not received, since it would be an
> extremely short logical step to make. Here however, without
> any allegation that the notice was not received in fact, it is

> conversely a short logical step to believe that there was service in fact.

Trial Court Opinion, Dec. 3, 2021, at 2.

The court did not err. The two minor typographical errors—one in the caption and one in the address—do not amount to fatal defects. Rather, Appellee substantial complied with the Rules, and the minor errors did not affect the substantial rights of the parties. Even with an incorrect digit in the docket number, the case to which the notice referenced was clear. Further, the replacement of "York" for "PA," where all other information in the address, including the zip code, was accurate, would not prevent the mailing from arriving at its destination.

We next will address Appellants' claim that the court erred in assessing equitable relief. Appellants did not raise this claim in their petition to strike. However, because the issue goes to the authority of the Prothonotary to enter judgment, and the judgment is void *ab initio* if the prothonotary lacks such authority, we will review the claim. ***See Mother's Restaurant Inc. v. Krystkiewicz***, 861 A.2d 327, 337 (Pa.Super. 2004) (*en banc*) (claim prothonotary lacked authority to enter default judgment not waived when raised first time on appeal).

Appellants maintain the fourth amended complaint asserted an unjust enrichment claim, which included a request to assess damages in relation to the claim. They argue the unjust enrichment claim is a claim in equity and the Prothonotary erred in awarding damages on this claim, as it had no authority to award equitable relief.

Pennsylvania Rule of Civil Procedure 1037 provides that a prothonotary shall enter judgment against a defendant for failure to timely plead to a complaint and it may assess damages under certain circumstances. However, the rule adds that if the plaintiff seeks equitable relief, the court, and not the prothonotary, enters the order granting relief:

> (b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend or, except as provided by subdivision (d), for any relief admitted to be due by the defendant's pleadings.
>
> > (1) The prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages.
>
> . . .
>
> (d) In all cases in which equitable relief is sought, the court shall enter an appropriate order upon the judgment of default or admission and may take testimony to assist in its decision and in framing the order.

Pa.R.C.P. 1037(b)(1), (d) (note omitted).

A note to the Rule provides: "While the prothonotary may enter a default judgment in an action legal or equitable, only the court may grant equitable relief." *Id.*, note. In other words, although the prothonotary can enter a default judgment in an action in equity, only a judge can enter an order awarding equitable relief.

Thus, the portion of the judgment awarding damages is void. A claim for relief under the doctrine of unjust enrichment is a claim in equity. *See Gutteridge v. J3 Energy Grp., Inc.*, 165 A.3d 908, 916 (Pa.Super. 2017) (*en banc*). The Prothonotary thus lacked authority to enter an order granting damages on the unjust enrichment claim. *See* Pa.R.C.P. 1037(d). Although the fourth amended complaint stated an alleged fair market value for monthly rent and the number of months, the relief was awarded on a claim in equity. Further, unlike damages in a contract action, which are based on a number the parties agreed to, damages here were based on an alleged fair market value and not a "sum certain." *See* Pa.R.C.P. 1037(b)(1).

Although the Prothonotary lacked the authority to assess damages, this did not impact its ability to enter the default judgment, which it has the authority to do in both equity cases and cases at law. Pa.R.Civ.P. 1037, Note; *accord, e.g., Maiorana v. Farmers & Merchants Bank*, 466 A.2d 188, 190-91 (Pa.Super. 1983) (Prothonotary unauthorized to assess damages, but entry of default judgment not unauthorized and therefore that should not be stricken). Accordingly, the default judgment was properly entered, but the portion of the judgment awarding damages must be stricken. After remand, the trial court shall conduct a hearing to determine damages.

In their second issue, Appellants maintain the court erred in denying their motion to open the default judgment. They maintain the parties were in the midst of ongoing litigation and a deposition had occurred on November 18, 2021. They claim counsel attempted to file the answer to the fourth

amended complaint on Friday, November 19, but "a technical snafu kept the Answer in the 'shopping cart,' of the Trial Court's e-filing system instead of submitting it through to the Prothonotary." Appellants' Br. at 19-20. They argue it was not a deliberate decision to not defend. Appellants further maintain they raised meritorious defenses, including unclean hands and fraud, and challenged the standing of Appellee and jurisdiction of the trial court. Further, Appellants dispute the purported value of the property. Appellants also contend it did not delay in filing the petition to open, as it was filed within two weeks of the entry of judgment.

We conclude Appellants waived this claim. Pennsylvania Rule of Civil Procedure 206.1 governs petitions to strike and/or open a default judgment. The Rule provides that "[a] petition shall specify the relief sought and state the material facts which constitute the grounds therefor. All grounds for relief, whether to strike or open a default judgment, shall be asserted in a single petition." Pa.R.C.P. 206.1(b). The explanatory comment to the rule explains the Rule as follows:

> The amendment of Rule 206.1 governing petitions, and Rules 206.4 and 206.5 governing rules to show cause requires that all grounds for relief from a default judgment, whether to strike off or to open, be raised in a single petition. Under current case law, a judgment debtor is not required to raise all grounds for relief from a default judgment in a single petition. The amendment is intended to bring the practice involving default judgments in line with other areas of the rules of civil procedure in which all grounds must be raised at the same time, such as striking off or opening confessed judgments pursuant to Rule

- 11 -

> 2959(a) or raising all preliminary objections at the same time pursuant to Rule 1028(b).

Rule 206.1, comment. The Rule therefore requires that a petitioner assert all grounds for relief be asserted in a single petition to strike and/or open a default judgment. Here, Appellants filed a motion to strike the judgment. After the trial court denied that petition, Appellants filed a petition to open the judgment. Because Appellants failed to include their claims regarding the petition to open in the first petition filed, that is, the petition to strike, they violated the Rule and waived the claims. *See* Pa.R.C.P. 206.1(b).

Judgment affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/30/2022