## Hall et al. *versus* Toby.

1. A note in the following terms: "For value received I promise to pay to A. or order $551.50 with interest," is a negotiable promissory note. As no time of payment is fixed, it is payable immediately.

2. An indorsment of a promissory note as follows: "For value received I hereby assign, transfer and set over to B. all my right, title, interest and claim in the within note," passes the legal title to the same and does not destroy its negotiability.

3. The maker of such a note is not entitled, in a suit by the indorsee, to set off any claim against the payee of the same.

May 28th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and CLARK, JJ. PAXSON and GREEN, JJ., absent.

ERROR to the Court of Common Pleas of *Warren county:* Of January Term 1885, No. 457.

Assumpsit by William Toby and D. B. Toby, doing business as William Toby, for use of D. B. Toby against S. P. Hall and Henry Souther, executors of the will of Orris Hall, deceased. Subsequently, the court on motion of plaintiffs' attorney amended the record so as to make D. B. Toby alone the plaintiff. The defendants afterwards moved to strike off this order for the following reasons: (1.) The motion of plaintiffs was not based upon an affidavit. (2.) The same was made improvidently and without notice to the defendants. (3.) That a trial of the cause upon the merits cannot be had on the part of the defendants, if said order and alleged amendment is allowed to stand. This motion was overruled by the court.

On the trial, before BROWN, P. J., the plaintiff offered in evidence a writing, of which the following is a copy:

$551.50.                  Warren, Aug. 18, 1879.
For value received I promise to pay to Wm. Toby, or order, five hundred and fifty-one 50-100 dollars with interest.

                             ORRIS HALL.

On the back of this paper was the following transfer or assignment:

"For value received I hereby assign, transfer and set over to D. B. Toby all my right, title, interest and claim in the within note.             WM. TOBY,
Tionesta, Nov. 21, 1881.             D. B. TOBY."

Defendants' counsel offered in evidence an order, which reads as follows: "Warren, Pa., August 20, 1881; Orris Hall, Esq., please pay to G. L. Friday or bearer, $502.71, for amount

[Hall *v.* Toby.]

of our book account, and charge same to our account. (Signed,) Wm. Toby and Harry Sweet." Signature of Wm. Toby, admitted. To be followed by proof, that this order has been paid by the executors of Orris Hall, and that the order is now offered as a set-off to the claim of the plaintiff in this case.

Objected to, on the ground that it appears to be the joint order of Wm. Toby and Harry Sweet and that it is incompetent and irrelevant; the defence is inadmissible in this action.

Objection sustained and evidence rejected. Exception. (Third assignment of error.)

Defendants further offered in evidence a settlement made between Orris Hall and William Toby and Harry Sweet, dated July 21st, 1881, for the purpose of showing a set-off and that there was a settlement of this note at that time. Objected to, on the ground that the paper offered purports to be a partnership settlement between the parties thereto and is not a proper subject of set-off in this action and that the evidence is incompetent and inadmissible. Objection sustained and evidence excluded. Exception. (Fourth assignment of error.)

The court directed the jury to find a verdict for the plaintiff. Verdict for the plaintiff for $724.57 and judgment thereon. Defendants then took this writ assigning for error the allowance of the amendment changing the name of the party plaintiff and the refusal to admit the evidence offered.

*W. W. Wilbur* (*Henry Souther* and *Schnur* with him), for plaintiffs in error. The changing of the name of the plaintiff worked a great wrong and injustice to the defendants. If it did not change the form of action, it changed very materially the form of defence, and under the ruling of the court, entirely excluded an entire and just defence which the defendants had to the suit as originally brought.

The paper declared upon was not a negotiable promissory note, as it lacked certainty as to time of payment: Ernst *et al. v.* Steckman, 24 P. F. S., 13; Woods *v.* North, 3 Norris, 407; Johnston *v.* Speer, 11 Norris, 228. It is in the nature of a due bill and subject to every set-off the defendants may have against the payee: Thompson *v.* McClelland, 5 Casey, 475.

The assignment of the note by the payee to the plaintiff destroyed its negotiability if it ever had any: Aniba *v.* Yeomans, 39 Michigan, 171.

*Charles H. Noyes* (*Osmer & Freeman* and *W. G. Trunkey* with him), for defendant in error. There are perhaps few rules of law more unquestionable than that, "When a note does not specify any day or time of payment, it is by law deemed payable on demand, and therefore is construed as if it

contained the words 'payable on demand,' on its face:" Story on Prom. Notes, 2d Ed., § 29; Byles on Bills, 6th Am. Ed. (Sharswood) [79] 126; 1 Dan. Neg. Inst., 3d Ed., § 88, and the authorities there cited: Brenzer *v.* Wightman, 7 W. & S., 264.

The method of indorsement was not such a departure from the usual course of business as to put the transferree on inquiry as to equities between the original parties: Bisbing *v.* Graham, 2 Har., 14; Ege *v.* Kyle, 2 Watts 222; Dunning *v.* Heller, 7 Out. 269; S. C. 15 W. N. C, 85; 1 Dan. Neg. Inst. 3d ed. §§ 688b, 688c, 700a, 701, citing Richards *v.* Frankum, 9 Car. & P. 221; Sears *v.* Lantz, 47 Iowa, 658; Sands *v.* Woods, 1 Iowa, 263; Duffy *v.* O'Conner, 7 Baxter, 498; Shelby *v.* Judd, 24 Kansas, 166; Hailey *v.* Falconer, 32 Ala., 536; Leland *v.* Parriott, 35 Iowa, 454, and see Bigelow on Bills and Notes, 2d ed., 134, 137.

As to the question of set-off. Assuming, for the sake of argument, that the note in controversy was overdue and dishonored at the time it was transferred to the indorsee (which we do not *concede*), yet, it was only subject to such equities as grew out of and attached to the paper itself, and clearly not to equities or set-off arising from any independent or collateral transactions, such as defendants offered to prove.

As to the amendment: The first and second assignments of error, relating to the allowance of the amendment of the names of the parties plaintiff, cannot be sustained, for the reasons: (1) No exception was taken in the court below, to the allowance of the amendment, or to the refusal of the court to strike off the same. (2) The defendant by pleading the general issue after the amendment was allowed, waived all objections thereto; and (3) The names of the parties as they originally stood upon the record, was a manifest mistake of *law*, and the amendment was necessary to the trial of the case upon its merits.

The opinion of the court was filed October 5th, 1885.

PER CURIAM.—This note was negotiable. It contained an absolute and unconditional promise to pay to Wm. Toby or order the sum specified. As no time of payment was therein expressed, the law adjudges the money to be payable immediately. A right of action accrued at once and would be barred by the Statute of Limitations at the expiration of six years thereafter. The note had all the essential language to constitute a promissory note. The legal right of action thereon would have passed by endorsement and delivery. For purpose of transfer the assignment on the back of this note

passed the legal title.    The amendment was properly allowed.
We discover no error in the record.

Judgment affirmed.