## Hinkson v. Southard

*S. M. Rossiter*, for plaintiff.
*R. M. Orcutt*, for defendant.

LAUB, J., March 18, 1949.—This is a motion to strike off a judgment entered by confession. On July 26, 1941, H. W. Southard and Mrs. H. W. Southard executed a judgment note in favor of plaintiff in the total amount of $80, payable in installments "in the amounts and at the times stated in the schedule of

installments endorsed hereon and made a part hereof . . ." On the back of said note is a printed form entitled "Schedule of Installments". No entries' were made in this form except in a column headed "Endorsements" the figures 50 and 20 and the abbreviation "Dec." followed by several question marks and the date 1942. These entries are cryptic but probably indicate a payment of $70 on account.

On May 22, 1944, H. W. Southard executed another note, this time signed by himself alone, payable to the same person in the amount of $290. This note contained the same reference to installments as the first note and on the back, in the appropriate place, a complete schedule of installments was entered. In the endorsement column, which is obviously designed to record payments made on account, a single entry is made. This entry consists in the figures 15, 6 and 20, and obviously indicates a $15 payment made on June 20th of some year.

On January 4, 1946, plaintiff confessed judgment against H. M. Southard in the amount of $318.93, with $47.84 collection fees, in all, $366.77. A single judgment was entered on both notes. No judgment was entered against Mrs. H. W. Southard, the cosigner of the first note.

Defendant complains that the consolidation of the two notes into one judgment is improper; that judgment was entered against H. M. Southard, whereas the notes were signed by H. W. Southard; that plaintiff has eliminated Mrs. H. W. Southard on the one note and this cannot be done where the obligation is joint; that there is no allegation of default and that there is nothing in the judgment which enables one to fix with certainty the amounts due thereon.

In proper cases a single judgment can be entered against a person who is obligated upon two or more notes containing confession of judgment warrants:

Act of May 26, 1897, P. L. 94, 12 PS §740. We can find no statutory authority directly authorizing the entry of a single judgment in those cases where cosigners appear on one or more of the several obligations upon which judgment is confessed. It is not necessary to our decision to consider the question whether in the latter instance judgment might be entered if the obligations were both joint and several since, in our opinion, the first note given here was purely a joint undertaking. This of necessity disposes of plaintiff's right to enter it against one of the makers alone. In United Trading Corporation v. Scheetz, 59 D. & C. 231, 236, Judge Sloane aptly quotes from Hunt v. Chamberlin, 8 N. J. L. 336, 338, respecting joint obligations. That quotation is:

"They were willing to stand together in judgment, and to meet an execution by their joint means and exertions. But it gives no authority for placing one of them in judgment by himself, and leaving him all alone to breast an execution for the whole sum, while the means and estate of the other remains untouched and undisturbed."

The much cited case of Croasdell v. Tallant, 83 Pa. 193, is not, as pointed out in the Scheetz case, supra, authority for the proposition that judgment can be entered against one of two joint obligors upon a joint warrant of attorney. In that case, although the warrant was joint, the note itself was several and the court permitted entry of judgment against two of three cosigners upon the theory that it was the true intent of the obligors to be obligated severally as well as jointly. No such intent appears in the first note with which we are here concerned. Defendant's position is no worse because plaintiff saw fit to enter into judgment the second note upon which defendant was solely liable.

We are further impressed by defendant's contentions concerning plaintiff's failure to allege and show default. Concededly it is proper under certain circumstances to enter installment notes even before they are due, but we know of no rule which permits the type of entry which was made here. Both notes in question make provision for the entry of judgment in the event of a number of contingencies; among these are failure to pay installments when they become due, the removal of property out of the county, the encumbrance of property the sale of which brought about the execution of the notes, the issuance of an attachment, execution or distress for rent against the maker, etc. Nowhere in the narr is there a statement showing the nature of the default for which plaintiff claims judgment. In fact, the failure of the first note to set forth a schedule of installment payments converts the note into one without maturity since there is no date set forth when the obligation becomes due.

The natural reluctance of a court to strike off a judgment for a debt which admittedly was once, at least, a proper obligation and thus make the warrant functus officio has led us to carefully examine these judgments with a view to determine whether an amendment could be allowed. In our judgment no such amendment is possible. Since there is no maturity date established in the first note and no date fixed for what appears to be payments thereon, the balance due, if any, and the interest collectible thereon cannot be calculated with any degree of certainty. This renders the judgment subject to be stricken off: Connay v. Halstead, 73 Pa. 354. Likewise, the failure to show default and the nature thereof is equally fatal: Kolf v. Lieberman, 282 Pa. 479.

And now, to wit, March 18, 1949, the rule granted, on the petition to strike off judgment, is made absolute and the judgment is stricken from the record.