## Liberty Aluminum Products Co. v. Cortis

*Ceisler & Rodgers*, for plaintiff.

*George J. Modrak*, for defendants.

CUMMINS, J., April 22, 1958.—On January 16, 1957, the Liberty Aluminum Products Company, creditor, caused the prothonotary of Washington County to enter a note in the face amount of $3,400, executed by John Cortis and Julia Cortis, his wife. Defendants moved to strike the judgment and assigned as reasons the facts: (1) The note did not contain a schedule of installments; (2) set out no date of maturity; and (3) no default of payment was alleged at or prior to the entry of the said judgment.

Defendants' motion to strike is based primarily on two alleged deficiencies, to wit: The lack of a maturity date or installments and the failure to show a default prior to the entry of judgment.

The Act of February 24, 1806, P. L. 334, 12 PS §739, specifically authorizes the prothonotary to enter judgment without declaration or affidavit of default and for this reason it is submitted that the entry of judgment without declaration was proper.

The first alleged deficiency is the one which must be explored a little further. Defendants' motion to strike completely overlooks the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §3-108. This code states categorically that "instruments payable on demand include those payable at sight or on presentation and *those in which no time for payment is stated.*" (Italics supplied.) Under the Commercial Code this instrument is a demand note by virtue of its tenor.

Even if this were not so, the logic of the situation compels this conclusion. The parties have the right to use a blank and tailor it to their needs. And the failure

to include installment payments simply and clearly means that none were intended.

The next question relates to the demand or default necessary prior to the entry of judgment on a demand note. The answer to that is simple: None. The entry of the note itself is sufficient demand for payment: Haydt v. Kohler, 11 Leh. 149.

It has always been clear as a matter of fact that a note payable on demand may be entered *without* default and even before the note becomes due: Chubb v. Kelly, 80 Pa. Superior Ct. 487; Salus v. Curzon, 73 Pa. Superior Ct. 170.

In addition to this, the inference of the lack of payment is possible from the possession of the note by the judgment creditor: Drey St. M. Co. v. Nevling, 106 Pa. Superior Ct, 42.

It is perfectly proper to enter a judgment on a demand note at any time and no demand other than the entry of the note is necessary as a prerequisite of the judgment.

The argument can be made that there is question as to the amount of the judgment. This is answered for us by National Finance Company v. Heckman, 62 York 13, which states that the prothonotary may enter judgment for the face of the amount due and that defendant is free to show any credits to which he is entitled at or before execution.

It is our opinion that the motion to strike the judgment should be denied for the reason that it must be decided solely on the face of the record, as is indicated by the cases and the statutes cited above. The face of the record will support the judgment.

In consideration of the above, we make the following:

*Order*

And now, April 22, 1958, defendants' petition to strike off the judgment is hereby refused.