## Master Homecraft Company, Appellant, v. Zimmerman.

Argued April 12, 1966. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*Orlando N. Prosperi,* with him *Bernard Redlich,* for appellant.

*Vincent J. Morocco,* with him *Emmett C. Boyle,* for appellees.

OPINION BY SPAULDING, J., September 15, 1966:

This appeal is from an order of the Court of Common Pleas of Westmoreland County making absolute a rule to strike off a judgment entered in favor of the Master Homecraft Company, appellant, on a judgment

note executed by Edward T. and Alice Zimmerman, appellees.

The appellant company contracted to remodel the appellees' home. In connection with this work, the appellees on August 4, 1964, executed a judgment note in the principal amount of $9747. On the same date, at the direction of Edward Berg, partner of appellant company, the Prothonotary entered a judgment against appellees in the principal amount of the note.

On September 17, 1964, execution was issued by appellant upon the judgment and appellees' funds on deposit with the First National Bank of Export were attached on a writ naming the bank as garnishee. Following the allowance of a rule and the filing of an answer, the Court of Common Pleas of Westmoreland County ordered the judgment stricken on the grounds that it was impossible to determine from the face of the note the amount due or the date of maturity. Appellant entered its appeal and secured the issuance of a supersedeas.

The note in question reads in part:

$9,747.00             No. ........
(Total Amount of Note)

Pittsburgh, Pa. 8/4/64

For value received, I/we or either of us promise to pay to the order of MASTER HOMECRAFT COMPANY, the sum of Nine Thousand Seven Hundred Forty-seven Dollars in . . . monthly installments of $...... each, beginning on the      day of ................, 19.., and continuing on the same day of each and every month thereafter until the full amount thereof is paid. . . .

The undersigned, for the purpose of assuring collection of the within note and securing the same by a first lien on improved real estate, does hereby empower any attorney of any court of record within the State of Pennsylvania or any other state or territory of the

United States to appear for the undersigned and with or without declaration filed, confess judgment against the undersigned or any of them in any court in the State of Pennsylvania or any other state or territory of the United States and in favor of the said payee or holder of this note, at any time and as of any term, whether or not the payments provided herein are in default, for the full amount due or to become due hereunder, . . .

> Edward K. Berg,
> Witness
> Edward T. Zimmerman    (Seal)
> Alice Zimmerman        (Seal)

The law is clear that a motion to strike a judgment operates as a demurrer to the record and will be granted only when there are defects apparent on the face of the record. *Mountain City Savings and Loan Association of Hazleton v. Bell,* 413 Pa. 67, 197 A. 2d 608 (1963); *Kros v. Bacall Textile Corporation,* 386 Pa. 360, 126 A. 2d 421 (1956); 7 Pennsylvania Standard Practice 186 (rev. ed. 1961). In the instant case there were no such defects because both the time of default and the amount due were ascertainable from the face of the instrument.

The Uniform Commercial Code provides: "Instruments payable on demand include those payable at sight or on presentation *and those in which no time for payment is stated.*" April 6, 1953, P. L. 3, 12A P.S. §3-108. (Emphasis added.) Under this section, the note in question is a demand note, due and payable immediately. This presumption as to payment on demand existed long before the Code, *Horner v. Horner,* 145 Pa. 258, 23 A. 441 (1892); *Hall v. Toby,* 110 Pa. 318, 1 A. 369 (1885), and applies whether or not the note is negotiable. As was said in *Liberty Aluminum Products Co. v. Cortis,* 14 Pa. D. & C. 2d 624, 625, 626 (1958): "Even if this were not so [under the Code], the

logic of the situation compels this conclusion. The parties have the right to use a blank and tailor it to their needs. And the failure to include installment payments simply and clearly means that none were intended."

The note is not rendered defective because the blanks for alleged installment payments appear unused. On its face the note designates a principal sum of $9747. The failure to fill in the monthly installment blanks does not indicate that no principal sum was intended.

On this issue the court below stated: "This Court does not know the reason for the failure to complete the note. The parties to this note either inadvertently or unintentionally failed to complete the blanks." This conclusion is without support in the record. The empty blanks could also mean that no installment payments were intended. *Cortis,* supra, at 626.

In *Hinkson v. Southard,* 67 Pa. D. & C. 609 (1949), which involved a judgment note with unused installment blanks, the court granted a petition to strike. This case, decided before the Code, is not controlling since under the Code the absence of a specific maturity date is not a fatal defect.

If the appellees wish to raise a defense, the proper remedy would be a petition to open the judgment which would permit additional evidence. 7 Standard Pennsylvania Practice 39 (rev. ed. 1961). Speculation as to the intent of the parties in not filling in the blanks involves matters dehors the record and is not relevant on a motion to strike. Id. at 51. It should be noted that our reversal of the order of the trial court does not preclude appellees from their remedy of opening the judgment.

Reversed without prejudice and remanded to the lower court with directions to allow appellees to file a petition to open the judgment.