J-A28011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FELICIA PIERCE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CPR RESTORATION & CLEANING SERVICES, LLC | |
| Appellant | No. 225 EDA 2014 |

Appeal from the Judgment December 10, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 01322 December Term, 2012

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:  **FILED NOVEMBER 25, 2014**

Appellant, CPR Restoration & Cleaning Services, LLC ("CPR"), appeals from the judgment entered following the denial of CPR's petition to strike and/or open a default judgment entered in favor of Appellee, Felicia Pierce, in this breach of contract case.[1]  We affirm.

The trial court opinion fully sets forth the relevant facts and procedural history of this case.  Therefore, we will only briefly summarize them here. On November 30, 2010, Appellee contracted CPR to clean and restore personal property that had suffered soot and smoke damage from a fire in a neighboring home.  On December 11, 2012, Appellee commenced this action

---

[1] The court also denied CPR's emergency petition to stay the writ of execution by order entered on the same date.

by filing a *praecipe* to issue writ of summons. Appellee served the writ of summons on January 16, 2013, at CPR's place of business on an employee, who provided his last name to the process server. Appellee filed her complaint on March 20, 2013, alleging that CPR lost, damaged, and/or destroyed her personal property. The complaint included counts for negligence and breach of contract. Appellee served the complaint by U.S. mail on March 25, 2013. CPR did not file an answer.

On April 15, 2013, Appellee mailed her ten-day notice of intent to file a *praecipe* for entry of default judgment to CPR's confirmed address. Eighteen days later, on May 3, 2013, Appellee filed a *praecipe* for entry of default judgment. Notice of the default judgment was also sent to CPR's confirmed address. CPR did not attend a scheduled arbitration hearing to assess damages on August 19, 2013. The arbitrators awarded Appellee $48,111.58. Judgment on the award was entered on August 20, 2013, with notice sent to CPR's confirmed address. Appellee filed a *praecipe* for writ of execution on November 7, 2013.

On November 22, 2013, CPR filed an emergency motion to stay execution and a petition to strike and/or open the default judgment. The trial court conducted a hearing on December 10, 2013, on the motion to stay and the petition to strike and/or open the default judgment. Immediately following the hearing, the trial court denied both CPR's motion to stay execution and its petition to strike and/or open the default judgment.

CPR timely filed a notice of appeal on December 11, 2013, and a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), on December 18, 2013.

CPR raises the following four issues on appeal:

> DID THE TRIAL COURT COMMIT REVERSIBLE LEGAL ERROR IN DENYING [CPR'S] PETITION TO STRIKE THE DEFAULT JUDGMENT, WHERE [APPELLEE'S] TEN-DAY NOTICE OF HER INTENTION TO ENTER A DEFAULT JUDGMENT PURSUANT TO [PA.R.C.P.] 237.1 WAS MAILED PRIOR TO THE EXPIRATION OF [CPR'S] TWENTY-DAY PERIOD TO ANSWER OR OTHERWISE RESPOND TO [APPELLEE'S] COMPLAINT?
>
> DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING [CPR'S] PETITION TO STRIKE THE DEFAULT JUDGMENT WHERE [APPELLEE] COULD NOT ESTABLISH THAT ORIGINAL PROCESS WAS SERVED UPON A "MANAGER, CLERK OR OTHER PERSON FOR THE TIME BEING IN CHARGE" OF [CPR], A CORPORATION, IN COMPLIANCE WITH RULE 424 OF THE PENNSYLVANIA RULES OF CIVIL PROCEDURE?
>
> WHERE [CPR'S] PETITION TO OPEN THE DEFAULT JUDGMENT WAS TIMELY FILED AND WHERE [CPR] POSSESSED A REASONABLE EXPLANATION OR LEGITIMATE EXCUSE FOR ITS DEFAULT, DID THE TRIAL COURT ABUSE ITS DISCRETION IN FAILING TO GIVE WEIGHT TO [CPR'S] MERITORIOUS DEFENSES TO THE COMPLAINT?
>
> WHERE [CPR'S] PETITION TO OPEN TIMELY RAISED ITS MERITORIOUS DEFENSES OF JUDICIAL ESTOPPEL; RELEASE AND DOUBLE RECOVERY BY [APPELLEE]; THE GIST OF THE ACTION DOCTRINE; AND LIMITATION OF LIABILITY UNDER THE PARTIES' CONTRACT, DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING THE PETITION TO OPEN THE DEFAULT JUDGMENT?

(CPR's Brief at 4).

In its issues combined, CPR first argues Appellee sent the ten-day notice one day early, rendering the notice defective. Next, CPR contends that service of the writ of summons was defective because the process server delivered the summons to a low-level employee who was not authorized to accept service. On these grounds, CPR submits the court should have struck the default judgment. Alternatively, CPR states it timely filed its petition to open the default judgment, possessed a legitimate excuse for its default, and raised several meritorious defenses. CPR concludes the court erred in denying its petition to strike and/or open the default judgment. We disagree.

An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. *Oswald v. WB Public Square Associates, LLC*, 80 A.3d 790, 793 (Pa.Super. 2013) (citing *Skonieczny v. Cooper*, 37 A.3d 1211, 1213 (Pa.Super. 2012)). Issues regarding the operation of procedural rules of court present us with questions of law. *Id.* Therefore, "our standard of review is *de novo* and our scope of review is plenary." *Id.*

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Midwest Financial Acceptance Corp. v. Lopez*, 78 A.3d 614, 622-23 (Pa.Super. 2013). "[A] petition to strike is not a chance to review

the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Oswald, supra* at 794. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 388 (Pa.Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. *Id.* "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered." *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 90, 700 A.2d 915, 917 (1997).

Regarding service of process, failure to adhere to the Pennsylvania Rules of Civil Procedure can be a facially fatal defect. *Id.* at 91, 700 A.2d at 917-18.

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against [the defendant]. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action…. However, the absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served. [T]he fact of service is the important thing in determining jurisdiction and…proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

*Id.* (internal citations and quotation marks omitted). Pennsylvania Rule of

Civil Procedure 402 discusses the requirements for service of original process:

**Rule 402.  Manner of Service.  Acceptance of Service**

(a)   Original process may be served

(1)   by handing a copy to the defendant; or

(2)   by handing a copy

\* \* \*

(iii)   at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402(a)(1), (2)(iii).   Furthermore, Rule 424 of the Pennsylvania Rules of Civil Procedure deals with service of process on a corporation:

**Rule 424.  Corporations and Similar Entities**

Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424.   "[R]ules relating to service of process must be strictly followed."  ***Dubrey v. Izaguirre***, 685 A.2d 1391, 1393 (Pa.Super. 1996) (citation omitted).  Any "person for the time being in charge" of any office or

usual place of business of defendants must either be an individual with some direct connection to the party to be served, or an individual whom a process server determines to be authorized based on the individual's representation of authority, and which the process server attests to in an affidavit. ***See Grand Entertainment Group, Ltd v. Star Media Sales, Inc.***, 988 F.2d 476, 486 (3d Cir. 1993) (discussing service of process pursuant to Pa.R.C.P. 402). ***See also Pincus v. Mutual Assur. Co.***, 457 Pa. 94, 321 A.2d 906 (1974) (upholding service upon corporation and two corporate trustees where process was served on manager of corporation's offices, who refused to give his name); ***American Vending Co., Inc. v. Brewington***, 432 A.2d 1032 (Pa.Super. 1981) (holding service upon individual was proper where process was served on adult female in charge who refused to give her name; "in the absence of fraud, a sheriff's return which is complete on its face is conclusive and immune from attack as to facts of which the sheriff presumptively has personal knowledge").

Rule 237.1 of the Pennsylvania Rules of Civil Procedure deals with notice of intent to take a default judgment and provides in relevant part as follows:

> **Rule 237.1  Notice of Praecipe for Entry of Judgment of Non Pros for Failure to File Complaint or by Default for Failure to Plead**
>
> (a)(1)   As used in this rule,
>
> *   *   *

"judgment by default" means a judgment entered by praecipe pursuant to Rules 1037(b), 1511(a), 3031(a) and 3146(a).

(2)    No judgment…by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

\*    \*    \*

(ii)   in the case of a judgment by default, after the failure to plead to a complaint and **at least ten days prior** to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

The ten-day notice period in subdivision [(a)(2)(ii)] shall be calculated forward from the date of the mailing or delivery, in accordance with Rule 106.

Pa.R.C.P. 237.1(a)(1), (2)(ii) (emphasis added).  The intent of Rule 237.1 is to allow the defaulting party a full ten-day period to cure the default.  ***Acre v. Navy Brand Mfg. Co.***, 571 A.2d 466, 469 (Pa.Super. 1990).

Under the doctrine of substantial compliance, the trial court may "overlook any **procedural** defect that does not prejudice a party's rights." ***Womer v. Hilliker***, 589 Pa. 256, 267, 908 A.2d 269, 276 (2006) (emphasis in original).  "[P]rocedural rules are not ends in themselves, and rigid application of [the Rules] does not always serve the interest of fairness and justice."  ***Id.***  Rule 126 incorporates the doctrine of substantial compliance into the Pennsylvania Rules of Civil Procedure as follows:

**Rule 126.   Liberal Construction and Application of Rules**

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126. Rule 126 allows an equitable exception for parties "who commit a misstep when attempting to do what any particular rule requires." *Womer, supra* at 268-69, 908 A.2d at 276. Rule 126 does not excuse a party's complete noncompliance with the rules, but Rule 126 "is available to a party who makes a substantial attempt to conform." *Id.* at 271, 908 A.2d at 278 (holding there was no compliance, where party failed to take any steps to conform with Rule 1042.3 for filing certificate of merit); *Pomerantz v. Goldstein*, 479 Pa. 175, 178, 387 A.2d 1280, 1281 (1978) (holding appellant substantially complied with Rule 1038(d) for filing exceptions, although pleading was erroneously titled motion for new trial, and appellee suffered no prejudice when trial court considered appellant's pleading). *Compare Oswald, supra* at 796 (holding ten-day notice per Rule 237.1 was defective because language of notice was not substantially in form required under Rule 237.5).

"A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." *Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa.Super. 2005).

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the

sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Graziani v. Randolph*, 856 A.2d 1212, 1223 (Pa.Super. 2004), *appeal denied*, 583 Pa. 663, 875 A.2d 1075 (2005).

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted).

Where a petition to open a default judgment is not filed within ten (10) days of entry of the default judgment,[2] the movant must (1) promptly file a petition to open, (2) offer a justifiable excuse for the delay that caused the default, and (3) aver a meritorious defense that, if proved at trial, would afford the defendant relief. *Reid v. Boohar*, 856 A.2d 156, 160 (Pa.Super. 2004). To succeed, the petitioner must meet all three requirements. *US Bank N.A. v. Mallory*, 982 A.2d 986, 995 (Pa.Super. 2009); *Duckson v. Wee Wheelers Inc.*, 620 A.2d 1206 (Pa.Super. 1993). In other words, if the petitioner fails to meet even one requirement for opening judgment, the

---

[2] Rule 237.3(b) of the Pennsylvania Rules of Civil Procedure provides: "If the petition [for relief from the default judgment] is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Pa.R.C.P. 237.3(b).

court can deny relief without even considering arguments made with regard to the two other requirements. *Id.* at 1209.

If the petitioner has made some showing as to all three prongs of the test, then the court is entitled to consider each point in light of all the "circumstances and equities of the case." *Id.* at 1209. Courts "must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits." *Id.* at 1208.

With respect to the first requirement that the petitioner promptly file a petition to open, this Court does not "employ a bright line test"; courts focus "on two factors: (1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Flynn v. America West Airlines*, 742 A.2d 695, 698 (Pa.Super. 1999). Given an acceptable reason for the delay, one month or less between the entry of the default judgment and the filing a petition for relief from the judgment typically meets the time requirement for a prompt filing of a petition for relief. *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa.Super. 2009). *See also US Bank N.A., supra* (comparing cases and rejecting eighty-two day interval between default judgment and petition for relief as tardy).

With respect to the second requirement of a justifiable excuse, courts look to the specific circumstances of the case to determine whether the

petitioner offered a legitimate explanation for the delay that caused entry of a default judgment. *Id.* "While some mistakes will be excused, …mere carelessness will not be…." *Bahr v. Pasky*, 439 A.2d 174, 177 (Pa.Super. 1981). In *Flynn*, for example, the petitioner's unintentional failure to act due to a defective mail receipt system was not considered a legitimate explanation for the delay that caused entry of the default judgment. *Flynn, supra* at 699. Finally, as to asserting a meritorious defense, the petitioner must aver facts that if proved at trial would justify relief. *See Duckson, supra*.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Leon W. Tucker, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the issues presented. *See* Trial Court Opinion, filed February 19, 2014, at 1-11 (finding: **(1-2)** trial court properly denied CPR's petition to strike, because record contained no fatal defects; service of writ of summons complied with Pa.R.C.P. 424; process server entered CPR's premises, confirmed it was CPR's place of business, and established that he was speaking with CPR's agent; CPR's agent accepted summons without any indication that he lacked authority; testimony from CPR's VP of operations, that agent did not have authority to receive service of process, was self-serving and lacked credibility; Appellee's 10-day notice was not fatally defective simply because

it was mailed one day early; CPR failed to answer the complaint within 20 days; Appellee sent 10-day notice and then waited 18 more days before filing *praecipe* for entry of default judgment; CPR had total of 38 days to answer complaint; **(3-4)** court properly denied CPR's petition to open default judgment; regarding test to succeed on petition open the default judgment: CPR's petition was not prompt; CPR waited more than six months after default judgment was entered before filing petition to open; testimony from CPR's VP of operations, that he only learned of default judgment when sheriff arrived at CPR's premises, lacked credibility; CPR's explanation for delay in filing petition to open was unreasonable; likewise, court found incredible CPR's excuse that it failed to act on complaint because CPR had confused this suit with Appellee's prior lawsuit, where Appellee subpoenaed CPR as witness, and CPR believed it did not need to act because that other lawsuit had settled; CPR failed to satisfy first two prongs of test to open default judgment; court properly denied CPR's petition regardless of possible meritorious defenses).

We emphasize that Rule 237.1(a)(2)(ii) requires the 10-day notice to be sent **at least ten days prior to the date of the filing of the *praecipe* to enter judgment**. Thus, the error to be corrected by a petition to strike does not lie in the premature 10-day notice; the error lies only in a premature entry of judgment. ***See Acre, supra***. Here, Appellee might have inadvertently sent the 10-day notice on the last day for CPR to plead to

the complaint, when the twentieth day to respond to the complaint fell on a Sunday and actually gave CPR an extra day to act on the complaint. Nevertheless, consistent with the intent of Rule 237.1 (to allow the defaulting party a full 10-day period to cure the default), *see id.*, we observe CPR had an **additional** eighteen days to act on Appellee's complaint. CPR utterly failed to act on Appellee's complaint before and after the initial twenty days to respond ended. Although it was sent one day early, Appellee's 10-day notice was sent more than ten days before she filed her *praecipe* for entry of the default judgment. Given CPR's complete failure to act on Appellee's complaint, we conclude Appellee substantially complied with Rule 237.1(a)(2)(ii) under the facts of this case; and the court properly refused to strike the judgment simply because the 10-day notice was sent one day early. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/25/2014

- 14 -

(2)

FELICIA PIERCE                :        PHILADELPHIA COUNTY

                              :        COURT OF COMMON PLEAS

VS.                      :

                              :        DECEMBER TERM 2012
                              :        NO. 01322

CPR RESTORATION &CLEANING SERVICES, LLC.  :

## ORDER

AND NOW this __10__ day of December 2013, upon consideration of

Defendant's Petition to Strike or Open the Judgment and Plaintiff's Response in

Opposition thereto, it is hereby ORDERED and DECREED that the Petition is

DENIED. The judgment entered in favor of the Plaintiff and against the Defendant

in the amount of $48,111.58 plus costs, remains in full force and effect.

DOCKETED

DEC 1 0 2013

R. POSTELL
DAY FORWARD

BY THE COURT

_____
                                    J.

Pierce Vs Cpr Restorati-ORDER

12120132200030

-1-

FELICIA PIERCE : PHILADELPHIA COUNTY

: COURT OF COMMON PLEAS

: VS. :

: DECEMBER TERM 2012
: NO. 01322

CPR RESTORATION &CLEANING SERVICES, LLC. :

## ORDER

AND NOW this __16__ day of December 2013, upon consideration of

Defendant's Emergency Petition to Stay Writ of Execution and Plaintiff's Response

in Opposition thereto, it is hereby ORDERED and DECREED that the Petition is

DENIED.

DOCKETED

DEC 1 0 2013

R. POSTELL
DAY FORWARD

BY THE COURT

_____ J.

Pierce Vs Cpr Restorati-ORDER

12120132200031

-1-

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) R. POSTELL 12/10/2013

1311307/

COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

FELICIA PIERCE

Appellee

v.

CPR RESTORATION & CLEANING
SERVICES, LLC

Appellant



Pierce Vs Cpr Restoration & Cleaning Service-OPFLD

12120132200041

SUPERIOR COURT
225 EDA 2014

DECEMBER TERM, 2012
No. 01322

## OPINION

LEON W. TUCKER, J.                                         DATE: February 19, 2014

### I.    Procedural History & Facts

This matter comes before the Superior Court on appeal from the denial of CPR Restoration & Cleaning Services' (hereinafter referred to as "Appellant") Petition to Strike or Open the Default Judgment.

On December 11, 2012, Felicia Pierce (hereinafter referred to as "Appellee") commenced this action by filing a Praecipe to Issue Writ of Summons. Praecipe to Issue Writ of Summons (12/11/12). On January 16, 2013, Appellee caused the Writ of Summons to be served at Appellant's usual place of business to an employee of Appellant who provided his last name to the process server pursuant to *Pa.R.C.P. 424*. Aff. of Service (01/17/2013).

On March 20, 2013, Appellee filed her Complaint with notice to defend and served it upon Appellant on March 25, 2013 by mailing it to Appellant pursuant to *Pa.R.C.P.440*. Compl.



(03/20/2013); Aff. of Service (04/15/2013). In her Complaint, Appellee brought claims of negligence and breach of contract against Appellant arising from a November 30, 2010 contract between the parties for Appellant to clean and restore personal property of Appellee's that had suffered soot and smoke damage as a result of a fire in a house neighboring Appellee. Compl. ¶ 3. Appellee alleged that Appellant lost, damaged, and/or destroyed Appellee's personal property rendering it useless and devalued. *Id.* ¶ 5.

As a result of that same fire, Appellee brought an action against her homeowner's insurance carrier for its failure to pay benefits under her policy. *Pierce v. Allstate Property & Casualty Insurance*, Philadelphia Court of Common Pleas, November Term, 2011, No. 02173. Appellant was subpoenaed as a witness in that case which ultimately settled. Appellant received payment from the insurance carrier. Pet. to Open J. (11/22/2013) ¶¶ 10-11.

Appellant did not file an answer to the Complaint. As a result, on May 3, 2013, Appellee, filed a Praecipe to Entry of Default Judgment. Judgment Entered by Default (05/03/2013). Prior to filing the Praecipe to Enter Default Judgment, on April 15, 2013, Appellee mailed a Ten-Day Notice of her intention to file a praecipe for default judgment to Appellant pursuant to *Pa.R.C.P. 237.1. Id.*

On August 19, 2013, after an arbitration hearing to assess damages, a Court of Common Pleas Arbitration Panel entered an award against Appellants in the amount of $48,111.58. Report & Award of Arbitrators (08/19/2013). Pursuant to the Arbitrators' Award, Appellee entered judgment against Appellant in the amount of the Arbitrators' Award. Judgment (09/20/2013). On November 7, 2013, Appellee filed a Praecipe for Writ of Execution. Praecipe for Writ of Execution (11/07/2013).

2

On November 22, 2013, Appellant filed an Emergency Motion to Stay the Writ of Execution and a Petition to Strike or Open the Default Judgment. Mot. to Stay Writ of Execution (11/22/2013); Pet. to Open Default J. (11/22/2013). In its Petition to Strike or Open the Default Judgment, Appellant asserted that the default judgment should be stricken because Appellee sent the Ten-Day Notice one day premature. Pet. to Open J. ¶¶ 15-19. In the alternative, Appellant asserted that the judgment should be open because it had meritorious defenses to Appellee's Complaint, namely that Appellee's claim of negligence was barred by the gist of the action doctrine, Appellee would receive a double recovery in light of her settlement with her insurance carrier, the contract between the parties limits liability, and Appellee failed to comply with the Pennsylvania Rules of Civil Procedure by not attaching the contract to the Complaint. *Id.* ¶¶ 20-33.

Upon review of Appellant's Emergency Motion to Stay, the Court issued a Rule scheduling a hearing on the Motion and staying all proceedings meanwhile. Rule Issued (11/25/2013). On December 10, 2013, at the hearing, Appellant asserted, for the first time, that service of the Writ of Summons was defective because the process server delivered the summons to a low-level employee that was not authorized to accept it. The process server credibly testified on behalf of Appellee that he established that the individual was an employee of Appellant, that he specified to the employee who accepted service that he was delivering legal documents for Appellant, and that the employee gave no indication that he was not authorized to accept service on behalf of Appellant. N.T. (12/10/2013) at 14-18. Appellant offered testimony of its Vice President of Operations, which the Court deemed not credible regarding service of the Writ of Summons, where it was served, and to whom it was served. After the hearing, the Court

3

denied both the Motion to Stay Execution and the Petition to Strike or Open the Default Judgment. Orders Entered by J. Tucker (12/10/2013).

On December 11, 2013, Appellant appealed the denial of its Petition to Strike or Open the Default Judgment to the Superior Court. Appeal to Superior Court (12/11/2013). The Court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to *Pa. R.A.P. 1925(b)* ("1925(b) Statement"). Order Entered by J. Tucker (12/11/2013), docketed (12/12/2013). On December 18, 2013, Appellant timely filed its 1925(b) Statement and now alleges the following errors committed by this Court, verbatim:

1. Where it is clear from the face of the record and where it is undisputed and acknowledged that the plaintiff-appellee, Felicia Pierce ("Pierce"), prematurely served her Pa.P.C.P. 237.5 'Important Notice' of the plaintiff's intention to enter a default judgment against CPR- one day prior to the expiration of CPR's twenty-day period to answer or otherwise respond to the plaintiff's Complaint, in violation of Pa.R.C.P. 237.1(a)(2) by operation of Pa.R.C.P. 106- the trial court committed an error of law by denying CPR's Petition to Strike the Judgment.

2. Where Pierce failed to offer evidence or otherwise establish that plaintiff's Writ of Summons was served upon either (1) an executive officer, partner or trustee of the company, (2) a manager, clerk or other person in charge, or (3) an authorized agent for service of process of CPR in compliance with Pa.R.C.P. 424, and the process server admitted that he did not inquire or know the job position of the individual upon whom service was made, the trial court committed an error of law by denying CPR's Petition to Strike the Judgment.

3. Where CPR timely asserted its meritorious defense of release and double recovery by the plaintiff, in light of the successful resolution of her prior lawsuit involving the same subject matter (*Pierce v. Allstate Property & Casualty Insurance*, Pa. Com. Pl. Phila. Cty., Case NO. 111102173), the trial court abused its discretion in denying CPR's Petition to Open the Judgment.

4. Where CPR timely asserted its meritorious defense of the gist of the action doctrine, given that the parties' relationship was governed by contract and the arbitration award was based on claims of negligence, the trial court abused its discretion in denying CPR's Petition to Open the Judgment.

4

5. Where CPR timely asserted its meritorious defense of limitation of liability, given that the contract at issue expressly limited CPR's liability to, at most, the amount paid to CPR (i.e., $ 25,932.19), the trial court abused its discretion in denying CPR's Petition to Open Judgment in the amount of $48,111.58.

6. Where CPR timely asserted its meritorious defense of judicial estoppel, in light of Pierce's prior representation to the Court in a prior lawsuit that there was no defense for the insurer's non-payment of CPR's invoices, she is barred from asserting in the present lawsuit that CPR should not be paid and, thus, the trial court abused its discretion in denying CPR's Petition to Open the Judgment.

7. Where CPR was responsible for assisting Pierce in retaining counsel to present a claim against Allstate, was prepared to testify on her behalf and was subsequently informed that her litigation was settled, the trial court erred in failing to find a justifiable excuse for CPR not recognizing that there was a separate claim against CPR which required a response.

1925(b) Statement (12/18/2013). A discussion ensues.

## II.    Legal analysis

### A. The Court properly denied Appellant's Petition to Strike the Default Judgment because there were no fatal defects in the record.

A petition to strike is a common law proceeding and operates as a demurrer to the record. *Master Homecraft Co. v. Zimmerman*, 222 A.2d 440, 442 (Pa. Super. Ct. 1966). Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. A court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 386 (Pa. Super. Ct. 2003). Before this Court Appellant asserted that there were two such defects: (1) the Writ of Summons was served on a low-level employee who lacked the authority to accept service; and (2) Appellant sent her Ten-Day Notice of intention to enter default judgment one

5

day premature. The Court found both of these alleged defects to be without merit under the circumstances herein.

## 1. Service of the Writ of Summons

Pursuant to *Pa.R.C.P. 424*, original service of process on a corporation or similar entity must be made on (1) an executive officer, partner, or trustee of the company, (2) a manager, clerk or other person in charge, or (3) an authorized agent for service of process.

Here, the Court found that service of the Writ of Summons complied with *Pa.R.C.P. 424*. Appellee presented testimony from the process server that upon entering Appellant's premises, he confirmed that it was in fact Appellant's place of business. N.T. (12/10/2013) at 14. He then established that the person there was an agent of Appellant. *Id.* at 18. The process server then stated that he had legal papers to serve on Appellant. *Id.* at 14. The agent of Appellant then accepted the documents without any indication that he lacked such authority. He did not state that he could not accept them. He did not call for a manager or supervisor. *Id.* at 15.

Moreover, the Court found that the testimony of Appellant's witness, Appellant's Vice President of Operations, was self-serving and lacked credibility. *Id.* at 40-51. First, on cross-examination, Appellant's witness attempted to misconstrue the facts already in evidence by stating that service of the Writ of Summons occurred in the parking lot. *Id.* at 44-45. The process server clearly stated that he entered Appellant's premises; there was no mention of a parking lot. *Id.* at 14. Second, Appellant's witness testified that the agent who accepted service was no longer employed by Appellant, and Appellant made no attempt to have the former employee come to court to corroborate its witness' testimony that he lacked authority to accept service. *Id.* at 45-46. Third, Appellant's witness, Appellant's second in command, testified that he had no knowledge of the instant action until the Sheriff came to Appellant's premises despite

6

the fact that Appellee alleged that it mailed the Complaint to Appellant's place of business, which the witness confirmed is the correct address for Appellant, and the docket reflects that the Court of Common Pleas sent notice of the default judgment and arbitration award to the same address pursuant to *Pa.R.C.P. 236* and *1307*. *Id.* at 42-43, 46-48; Judgment Entered by Default (05/03/2013); Award of Arbitrators (08/19/2013). Such testimony coupled with the demeanor of Appellant's witness, diminished the credibility of Appellant's witness in the eyes of the Court leading the Court to find that service was properly made upon Appellant pursuant to *Pa.R.C.P. 424*.

### 2. The Ten-Day Notice

In its Petition to Strike or Open the Default Judgment, Appellant asserted that Appellee sent the Ten-Day Notice of intention to enter default judgment one day too soon and that the prematurity was a fatal defect in the record warranting that the default judgment be stricken. However, the Court found this assertion without merit.

Appellee alleged, and Appellant did not contest, that she mailed the Complaint to Appellant on March 25, 2013. Pursuant to *Pa.R.C.P. 1026*, Appellant had twenty (20) days thereafter to answer the Complaint; that date was April 14, 2013, a Sunday. By operation of *Pa.R.C.P. 106(b)*, Appellant had until Monday, April 15, 2013 to answer. Appellee alleged, and Appellant did not contest, that she mailed the Ten-Day Notice on April 15, 2013. According to Appellant, Appellee should have waited until the April 16, 2013 to mail the notice. The default judgment was entered on May 3, 2013, eighteen (18) days after Appellee mailed the Ten-Day Notice and Appellant defaulted by failing to answer the Complaint.

7

Pursuant to *Pa.R.C.P. 237.1(a)(2)(ii)*, written notice of intention to enter default judgment must be mailed or delivered after failure to plead to a complaint and at least ten days prior to the filing of the praecipe to the party against whom judgment is to be entered. Failure to comply with *Pa.R.C.P. 237.1* renders the subsequent default judgment void *ab initio* and is grounds for striking a default judgment. *Bullard*, 839 A.2d 383; *Acre v. Navy Brand Mfg. Co.*, 571 A.2d 466, 469 (Pa. Super. Ct. 1990)(striking default judgment that was entered on the eighth day after the Ten-Day Notice was sent). Pennsylvania courts disfavor default judgments taken quickly after the expiration of the answer's due date. *Slott v. Triad Distributors, Inc.*, 327 A.2d 151, 152 (Pa. Super. Ct. 1974).

Here, the Court found that Appellant was in default; Appellant failed to answer the Complaint within twenty (20) days after service of thereof. Appellee sent the Ten-Day Notice of intention to enter default judgment and then proceeded to wait eighteen (18) days, eight (8) additional days more than the rule requires, thereafter to file the praecipe. Appellee did not rush to take a default judgment; she waited eighteen days. Appellee sent the Ten-Day Notice pursuant to *Pa.R.C.P. 237.1* and did not prematurely file the praecipe for entry of default judgment.

If Appellant filed its answer, on April 15, 2013, which would have been timely, or at any time between the sending of the Ten-Day Notice and the filing of the praecipe to enter default judgment, it would have barred the entry of default judgment. *Vision Serv. Plan of Pennsylvania v. Pennsylvania AFSCME Health & Welfare Fund*, 474 A.2d 339, 341 (Pa. Super. Ct. 1984). To preclude entry of default judgment, Appellant had a total of thirty-eight (38) days to answer the Complaint from the time the Complaint was served. Therefore, because this Court did not find

8

any fatal defects in the record, it properly denied Appellant's Petition to Strike the Default Judgment.

**B. The Court properly denied Appellant's Petition to Open the default judgment because Appellant failed the tripartite test.**

Default judgments were designed to "prevent a dilatory defendant from impeding the plaintiff's efforts to establish a claim." *Raymond J. Brusco Funeral Home v. Sicilia*, 419 A.2d 688, 692 (Pa. Super. Ct. 1980). Accordingly, a petition to open default judgment is an appeal to the equitable powers of the Court. *Schultz v. Erie Ins. Exchange*, 477 A.2d 471, 472 (Pa. 1984). A Court may only open a default judgment where: (1) the petition has been promptly filed; (2) the default is reasonably explained; and (3) a meritorious defense is shown. *Brusco*, 419 A.2d at 689. All three (3) elements must be present before the Court may open a default judgment. *Id.*

Regarding the first prong of the tripartite test, whether the petition has been promptly filed, a court does not employ a bright line test, but rather looks to two factors: "(1) the length of the delay between discovery of the entry of a default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Allegheny Hydro No. 1 v. Am. Line Builders, Inc.*, 722 A.2d 189, 193 (Pa. Super. Ct. 1998)(internal citations omitted). The Superior Court has held that delays as short as twenty-one (21) days after the discovery of the default judgment as not prompt enough to merit opening the judgment. *B. C. Y., Inc., Equip. Leasing Associates v. Bukovich*, 390 A.2d 276, 278 (Pa. Super. Ct. 1978). Generally, in the cases where the Superior Court found there was a prompt filing of the petition, the period of delay was generally less than one month. *Allegheny Hydro No. 1*, 722 A.2d at 193 (internal citations omitted).

Assuming, *arguendo*, that service of the Writ of Summons and the Complaint were defective, Appellant knew or should have known of the default judgment shortly after it was

9

entered. The docket reflects that on May 3, 2013, the Court of Common Pleas mailed notice of entry of default judgment to Appellant at its address of record, which Appellant's witness confirmed is Appellant's address. N.T. at 46. Appellant knew or should have known of the default judgment shortly after May 3, 2013, yet it did not petition to open the default judgment until November 22, 2013, more than six (6) months later. On the same note, on August 19, 2013, the Court of Common Pleas sent notice of the Arbitration Award to the same address, more than three (3) months before Appellant filed its Petition. In light of the Court of Common Pleas docket and the overall lack of credibility of Appellant's witness, the Court did not find the witness' testimony that he only learned of the default judgment when the Sheriff arrived at Appellant's premises; Appellant knew or should of known of the default judgment at least six (6) months prior. As an explanation for the approximately six (6) month delay, all Appellant provided was that it was confused by Appellee's other lawsuit. N.T. (12/10/2013) at 5. Therefore, the Court properly found that Appellant did not act promptly in petitioning to open the default judgment.

Appellant failed the second prong of the tripartite test because it did not provide a reasonable explanation for the default. *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176-178 (Pa. Super. Ct. 2009). While an "oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant" may warrant the opening of a default judgment under the second prong of the tripartite test, such assertions must be reasonable. *Id.* Indeed, an appellant must provide a "justifiable" explanation for his failure to respond to the complaint in a timely manner under the second prong of the tripartite test. *McFarland v. Whitham*, 544 A.2d 929, 930 (Pa. 1988). Appellant's explanation for the default was that it was confused by Appellee's other lawsuit and assumed that it did not need to act because that lawsuit settled. N.T. (12/10/2013) at

10

5. Appellant was duly served with the Writ of Summons and the Complaint for the instant action and named as a defendant; it is unreasonable and incredible for Appellant to confuse the instant action with another in which it was subpoenaed as a witness.

Because Appellant did not satisfy the first two prongs of the test to open a default judgment, the Court properly denied Appellant's Petition regardless of whether it pled a meritorious defense.

## III. Conclusion

The Court did not err in denying Appellant's Petition to Strike or Open the Default Judgment. First, there were no fatal defects in the record to require striking the default judgment. The Writ of Summons was properly served upon an agent of Appellant's and Appellee did not send the Ten-Day Notice prematurely. Second, the Court properly refused to open the default judgment because 1) the petition was not promptly filed and 2) Appellant failed to demonstrate a reasonable excuse for failing to answer Appellee's Complaint. Because Appellant's Petition was untimely without a reasonable explanation for the default, the Court properly denied Appellant's Petition regardless of whether Appellant raised a meritorious defense. Therefore, this Court's ruling should stand.

BY THE COURT:

LEON W. TUCKER, J.

11